## CITY OF DENVER v. GIRARD.

1. ORDINANCES—LICENSES.
An ordinance granting to owners of abutting lots the right to occupy a
    designated portion of the sidewalk with a booth or stand for the
    sale of merchandise is but a license, which may be revoked at any
    time.

2. STREETS, CITY'S CONTROL OF.
So long as the city continues to recognize its highways as such, it can-
    not irrevocably deprive itself of its police power of protecting and
    guarding them against unlawful obstructions.

3. ORDINANCES.
Whether or not a municipal ordinance is discriminating must be deter-
    mined by the court as a question of law from its own provisions,
    and not from the manner of its enforcement.
4. LIMITATIONS.
As respects public rights upon streets and highways, municipal corpo-
    rations are not within ordinary statutes of limitations.
5. STREETS, CONTROL OF—PUBLIC NUISANCE.
It seems that a stand or booth erected in one of the highways of a city
    for the sale of merchandise is a public nuisance, which even the
    city could not maintain without legislative authority.

*Error to the County Court of Arapahoe County.*

Mr. F. A. WILLIAMS, Mr. A. B. SEAMAN and Mr. G. Q.
RICHMOND, for plaintiff in error.

Mr. C. P. BUTLER and Mr. T. E. WATTERS, for defend-
ant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought in the police magistrate's court
in the city of Denver by the plaintiff in error to recover a
penalty for the violation by defendant in error of an ordi-
nance prohibiting the erection or occupation of any booth or
stand upon the streets or sidewalks, and the sale of mer-
chandise therefrom.

A judgment was rendered against the defendant in error,
from which an appeal was taken to the county court, where,
upon the conclusion of the trial, the cause was dismissed.
From this judgment the city has brought the case here by
writ of error.

The ordinance upon which this prosecution is based
(passed April 5, 1890) makes it unlawful for "any person
to erect or occupy any booth, or establish, fix or occupy any
stand for the sale of fruit, books or other merchandise, or
any article or thing of value whatsoever, encumbering any
part or portion of the streets or sidewalks of the city of
Denver." It expressly revokes all permits that may there-

tofore have been granted for such purposes, and repeals all ordinances or parts of ordinances inconsistent therewith.

There is no dispute as to the material facts. The defendant occupied a fruit stand situate on the sidewalk on Curtis street near its intersection with 15th street. The stand was a permanent structure, and had remained on the sidewalk for about four years. It extended into Curtis street from the lot line a little over three feet, and was about nine feet in length. The defendant in error paid rent to the owner of the building abutting on the sidewalk for the privilege of maintaining on the sidewalk the fruit stand from which she vended her wares.

The only question is as to the construction of these ordinances. The position assumed by defendant in error, as we understand it, is: *First*, that by virtue of the provisions of ordinance No. 39 (passed March 22, 1886), the city vacated three feet of the sidewalk, which for about four years had been used by the defendant for the sale and display of her wares, and it was not competent for the city council thereafter to withdraw this grant from those who had so used the sidewalks, because by its tacit recognition of the right of abutting owners to use three feet of the sidewalks the city had surrendered to them all control over such portion of its highways, to which the abutting owners had acquired a vested right; *second*, that if there was not such a surrender by the city of its control over the portion of the sidewalks mentioned, still ordinance No. 39 granted to the owners of abutting lots a license to use such portion of the sidewalks, and that such license has not been revoked; *third*, that the city, by its conduct, is barred by the statute of limitations from now assuming authority over its sidewalks.

*First.* The argument of counsel is that by article 2, section 20, subdivision 2, of the city charter, the city council has the power, by ordinance, to vacate its streets and sidewalks, and that when it once exercises that power it cannot thereafter resume control of such vacated highway to the injury of those who have availed themselves of the permission

thereby given to use the vacated highway. It is insisted that ordinance No. 39 is an exercise of such power, and that thereby three feet of the sidewalks throughout the city were vacated for the use and benefit of private persons for the sale and display of goods thereupon.

We are cited to the case of *Whitsett v. Union D. & R. Co.*, 10 Colo. 243, in support of defendant's contention. It was there held that the city of Denver may vacate a street, which thereafter may be occupied and used by a *quasi* public corporation for purposes which accommodate the public generally, and that an owner of lots situate on said street, but not abutting on the part vacated, did not suffer damage so peculiar to himself as to entitle him to injunctive relief, and that he could not enjoin the erection and use by the Depot Company of a union depot upon the vacated premises, and could recover no damages against it, for his injury (if any) was the same in kind as that sustained by all persons in the city who might travel that way.

It will be observed that the facts in the *Whitsett Case*, which was one between private individuals, are quite different from those in the case at bar, wherein the city is endeavoring, as against a private person, to remove an obstruction from its highway, which it still maintains as such.

To this contention of defendant in error we say that if ordinance No. 39 is to be construed as an attempted exercise by the city council of its power to vacate its highways, it is beyond the power of the city council thus to alien or farm out any portion thereof for a merely private use, while at the same time it continues to maintain them as such. Owners of property in the neighborhood, not making such use of their property, as well as the traveling public generally, have rights which cannot be thus frittered or bartered away. But this ordinance was not intended to accomplish any such purpose, nor did it do so. It is merely an exercise of the power vested in the city of regulating the use to be made of its highways; and it is entirely beyond the power of a municipal government in such regulation irrevocably to deprive

itself of its police power of protecting and guarding the highways against unlawful obstruction, so long as it continues so to recognize them. *Commonwealth v. Blaisdell*, 107 Mass. 234; 2 Dillon Mun. Corp. (3d ed.), sec. 660, and cases cited; Elliott on Roads and Streets, 479.

If ordinance No. 39 should be construed as an attempt irrevocably to grant to private individuals for private purposes the power permanently to obstruct its highways, we should hold it unconstitutional, as *ultra vires* the city council to deprive itself of the power to regulate the use to be made of its highways. But we regard ordinance No. 39 as merely an exercise of the police power, and hold that it only grants a license for the use by abutting owners of a part of the sidewalks of the city for the sale and display of goods, and that it does not convey, or purport to convey, any portion of the sidewalks to private persons. Conferring a license only, it follows that the same may be revoked by the city at any time. No vested interest therein can be acquired by any persons who have made use of the sidewalks in accordance with the privileges therein conferred. Cooley on Const. Lim. (6th ed.), 340–342, 471.

*Second.* Conceding this to be true, the defendant in error nevertheless contends that the ordinance is still in force, because ordinance No. 42, attempting to revoke such license, is discriminating, and therefore does not repeal the former ordinance. The court admitted oral evidence tending to show that many of the sidewalks in various parts of the city were obstructed by like stands, and in various other ways. The court also admitted in evidence, in behalf of the defendant, ordinance No. 39, section 5 of which is as follows:

"No person shall place, or suffer to be placed, upon any street or sidewalk in this city any goods, wares or merchandise, for sale or show, beyond three feet from the front line of the lot where such goods may be so exposed."

We suppose the court admitted this oral testimony, and, in some measure, this ordinance, to enable it to pass upon the alleged discriminating character of the ordinance for the vio-

lation of which the defendant was on trial. Whether or not a municipal ordinance is discriminating, must be determined by the court as a question of law from the provisions of the ordinance itself, and not from the manner of its enforcement. Dillon Mun. Corp. (3d ed.), sec. 327 ; Beach on Pub. Corp., secs. 514 (*i*), 517, 994.

But if the reasonableness of an ordinance is to be determined from extrinsic evidence (which in some cases seems to be the rule—2 Dillon Mun. Corp., sec. 734), in the present case the *prima facie* presumption of the reasonableness of ordinance No. 42 arising from its passage by the city council, as well as by its own terms, is not overcome by the evidence in the record. It is not void because it conflicts with a prior ordinance relating to the same subject ; and it is equally clear that it is not unreasonable merely because the municipal authorities have been lax in impartially enforcing it, or had not, at the time of the trial, instituted suits against other violators of its provisions.

In terms the ordinance applies to all classes of persons and all persons of every class who are engaged in the display and sale of goods. It does not make penal an act when done by any designated class or particular person, and relieve the same act of that character and make it lawful when done by another. It is general in its nature, fair, impartial and uniform in operation. It prohibits all persons from occupying any part of a sidewalk for the sale and display of goods, expressly revokes any license that may theretofore have been granted for the use of such sidewalks for such purpose, and repeals all inconsistent ordinances. It follows conclusively that the former ordinance, which impliedly permitted the use of the sidewalks for such purpose, was repealed, both expressly and by implication, by the later ordinance.

*Third.* Another contention of the defendant in error, that the city is now barred by the statute of limitations from asserting its jurisdiction over its highways because of the use and occupation by her for four years of this stand under the license granted by an ordinance, is wholly untenable. In

*Mouat Lumber Co. v. City of Denver, ante*, p. 1, it was held that the statute of limitations did not run against the city in a case like this. In certain cases an estoppel *in pais* can be set up, but the facts of this case do not call for the application of that doctrine.

A decision in this case might have been placed upon the ground that the stand of the defendant in error was a public nuisance erected in one of the highways of the city, which even the city could not maintain without authority expressly conferred upon it by the legislature, or impliedly arising out of some express power granted; that it was not competent for the city council while it continued to maintain its sidewalks as part of its public highways, to grant to private persons for private purposes any portion of the same. But it is not necessary in this case to invoke this general principle, established by so many cases, the existence of which the defendant in error is disposed to admit. We are clearly of the opinion that ordinance No. 39 merely granted a revocable license for the use of three feet of the sidewalks of the city for the sale and display of goods, which license was thereafter revoked by the passage of ordinance No. 42, and that the defendant in error acquired no vested right to maintain a permanent obstruction in the sidewalk. Therefore the judgment of the county court should be reversed and the cause remanded.

*Reversed.*