IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1897, AND MAY TERM, 1898, IN THE EIGHTY-SECOND YEAR OF THE STATE.

---

### CITY OF TELL CITY ET AL. *v.* BIELEFELD.

[No. 2,461. Filed April 8, 1898.]

STREETS.—*Obstruction.*— *Municipal Corporations.*— A city has no power to authorize the erection of scales in the street. *p. 3.*

SAME.—*Obstructions.—Removal.—Municipal Corporations.*—An action cannot be maintained against a city for removing scales which had been erected in the street, where such removal was made in a careful and proper manner. *p. 4.*

PLEADING.— *Demurrer.— Joint Demurrer.*— A demurrer addressed jointly to two or more paragraphs of answer should be overruled if either paragraph of answer is good. *p. 4.*

SAME.—*Demurrer.—Form Of.*—A demurrer to an answer for the reason that it "does not state facts sufficient to constitute a good answer to plaintiff's complaint," presents no question to the court. *pp. 4, 5.*

From the Perry Circuit Court. *Reversed.*

*Patrick & Minor, C. H. Jewett* and *H. E. Jewett,* for appellants.

*W. A. Land,* for appellee.

HENLEY, J.—Appellee began this action against appellants, the city of Tell City, Fred Fruchwald,

marshal of the city of Tell City, and Jacob Froelich, street commissioner of the city of Tell City, by a complaint in one paragraph in which the following facts are stated: That in the year 1887, 'the city of Tell City granted to appellee a license, for a valuable consideration, to construct, erect and put down Fairbank scales on the west side of Ninth street between Mozart and Jefferson streets in said city, which scales were to be used by appellee for public and private purposes. That in pursuance of the license granted as aforesaid, appellee did construct and erect scales at the aforesaid point in the streets of said city at an expense to him of $260.00; that the license to appellee so to erect such scales at said point was duly ordered and entered of record at a regular meeting of the city council of said city, and appellee in good faith constructed and maintained said scales in good order and repair at his own expense from the year 1887 until the 10th day of April, 1895, when the marshal and street commissioner of said city, under the orders and direction of said city, and against the protest and objection of the appellee, took down and removed said scales, over the protest and objection of appellee, and without paying or offering to pay appellee therefor, and that by reason of the acts aforesaid appellee has suffered damages in the sum of $5,000.00. A demurrer to the complaint, for want of sufficient facts, was overruled. The appellant answered in four paragraphs, first the general denial, the second, third, and fourth were special pleas in bar. To this answer a demurrer in the following language was addressed: "The plaintiff demurs to defendant's answer for the reason that said answer does not state facts sufficient to constitute a good answer to plaintiff's complaint." There was a trial by the court and judgment for appellee in the sum of $265.00.

It is contended by counsel for appellant that the lower court erred in overruling the demurrer to the complaint. Appellant's contention must be sustained. A city has no power to authorize the construction of anything upon the public highways within the city, which when constructed will permanently interfere with the enjoyment of the rights of either the public or a private person. *Pettis* v. *Johnson*, 56 Ind. 139; *Adams* v. *Ohio Falls Car Co.*, 131 Ind. 375. Public streets are public highways, and include within their width the sidewalks. Public highways are the property of the public, and belong to the public from side to side, and from end to end. *State* v. *Berdetta*, 73 Ind. 185, 38 Am. Rep. 117. A municipal corporation is a corporation of limited powers, and persons dealing with such corporations must take notice of the limitations the law imposes upon them.

The case of *City of Richmond* v. *Smith*, 148 Ind. 294, we think decisive of the question involved in the case at bar. In the last named case it was held by the Supreme Court that under section 3541, Burns' R. S. 1894, which gives to cities the power to establish and regulate public markets, the city did not have the right to establish such markets in the streets of the city. The Supreme Court in that case, speaking by Howard, J., say: "The streets are primarily for the use of the traveling public. Certain other uses in which the public and the abutting property owners are interested are allowed, but only in such manner and to such extent as may not appreciably impede the use for public travel. Such uses are those for sewers, gas, and water pipes, also telegraph and telephone lines. Provision, too, is made for shade trees along the curb and between the roadway and the sidewalks. No right, however, as we think, could be exercised by a city

for such an occupancy as that which was here attempted.

"It is true that under clauses 11, 29, and 33 of section 3541, Burns' R. S. 1894 (3106, R. S. 1881), cities have power to establish and regulate public markets. But this can give no right to establish such markets in the streets of the city." Also see *Simms* v. *City of Frankfort,* 79 Ind. 447. Subdivision 31 of said section 3541, Burns' R. S. 1894, which gives to cities the right to regulate the selling, weighing, and measuring of hay, wood, coal, and other articles, could under no circumstances be held to extend to a city the right to obstruct a street by the establishment of scales thereon, nor could it confer the right upon the city to license any one to place any obstruction on the highways of the city. Appellee having no legal right to erect the scales in appellant's streets, the removal of the same by appellant, if done in a proper and careful manner, cannot be complained of. *City of Indianapolis* v. *Miller,* 656; *Cheek* v. *City of Aurora,* 92 Ind. 107. The demurrer to the complaint ought to have been sustained, and for this error the cause will have to be reversed.

It is further urged by appellant that the lower court erred in sustaining the demurrer to appellant's answer. This demurrer was addressed jointly to all four paragraphs of appellant's answer. If either was good, the ruling of the lower court would be erroneous. It was also error to sustain the demurrer because it presented no question to the court, and did not raise the question of the sufficiency of any one or all of the paragraphs of answer. We have heretofore in the opinion set out the language of the demurrer to the answer of appellant. Our Supreme Court has held that such a demurrer was so defective as to present no question to the court. *Thomas* v.

*Goodwine*, 88 Ind. 458; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121. Reversed, with instructions to the lower court to sustain the demurrer to the complaint.