## ELIAS B. AINLEY v. THE HACKENSACK IMPROVEMENT COMMISSION.

Submitted December 7, 1899—Decided February 26, 1900.

A license to lay a private sewer in a public street is revocable at the option of the municipality.

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutor, *Hart & Hart.*

For the defendant, *Luther A. Campbell.*

The opinion of the court was delivered by

GUMMERE, J.   On October 14th, 1890, the municipal authorities of the town of Hackensack granted to the prosecutor and others permission to lay a private sewer on Anderson street in said town, and, pursuant to said permission, the prosecutor and his associates laid said sewer.   At the time this permission was granted an existing ordinance of the town provided that " in case any person or persons shall desire to lay a private sewer through any street or portion of a street in which there is no public sewer, he or they must first obtain written permission from the commission, which permission shall be subject to the following condition (whether the same be specified in the written permit or not), to wit:

" 1. That the license to lay such sewer be revocable by the commission at any time."

On June 27th, 1899, the commission (the municipal body) passed an ordinance revoking the permission to lay the private sewer granted to the prosecutor and his associates, and subsequently provided for the construction of a public sewer in its place.   Due notice of the intended passage of this ordinance was given to the prosecutor and all others interested in the subject-matter thereof, and a public hearing had.

The prosecutor now seeks to set aside the ordinance of June 27th, on the ground that the commission was without power to revoke the license which it had granted to lay the private sewer.

By section 8 of "An act to incorporate the Hackensack Improvement Commission," approved April 1st, 1868, authority is conferred upon the commission to lay sewers through the various streets within its limits; but it is at least doubtful whether under this charter provision the commission had power to license the prosecutor and his associates to lay a *private* sewer in one of the public streets of the town. *Hutchinson* v. *Trenton,* 12 *Stew. Eq.* 569.

Assuming, however, the existence of the power, the granting of such a license is necessarily revocable (even when the right to revoke is not expressly reserved) whenever the public

good requires it, and of this the municipality is the sole judge. Much more is such a license revocable when, as in this case, the power is expressly reserved.

The ordinance under review is affirmed, with costs to the defendants.