SOUTH HIGHLAND LAND AND IMPROVEMENT COMPANY, Plaintiff in Error, v. KANSAS CITY et al., Defendant in Error.

Kansas City Court of Appeals, May 25, 1903.

1. **Municipal Corporations**: LICENSE TO USE STREETS: REVOCABLE, WHEN: PROPERTY IN STREET. There is a vast difference between licenses where the licensee is in business devoted to public purposes, and those in which his business is purely personal. In the latter case the license may be revoked, notwithstanding expenses incurred; in the other it may not be revoked after such incurring of expenses, and a license to an adjoining proprietor to erect a wall and grade the street up above the grade does not confer any right in and to the street itself.

2. ——: ——. ——: ORDINANCE. Under the provision of a Kansas City ordinance, the board of public works can license a property-owner or itself grade a street and put a wall thereon, but having once so acted it may change such grade and remove the wall when it answers best for public purposes.

3. ——: ——: ——: ——. Under its license plaintiff undertook to do what the city might have required it to do, the place remained a street after the work as much as before, and under the supervision of the board of public works and subject to change.

Error to Jackson Circuit Court.—*Hon. C. O. Techenor*, Special Judge.

AFFIRMED.

*Cook & Gossett* for plaintiff in error.

(1) After this is so done by the property owners in a proper manner, (and the record in this case shows it was so done in this instance), to the satisfaction of one set of administrative officers, can the next set of like officers of their caprice declare such provisions a nuisance and remove the retaining walls so erected, which hold the street to grade and are a part of the street? We submit that only the city by its legislative body could do this. 15 Am. and Eng. Ency. of Law, 496; Savage v. Salem, 23 Oregon 381.; Kansas City Charter, Art. 3, Sec. 1, Clause 5 (page 24, Charter and Rev. Ordinances 1898); Hiney v. City, 61 Mo. App. 248; Ferrenbach v. Turner, 86 Mo. 416 (cited as precedent of proper action); Avis v. Borough, 55 N. J. L. 285. (2) Even if the wall had been unauthorized when constructed its subsequent recognition by ordinance rendered it legal to such an extent that it could be rendered unlawful only by ordinance. Certainly not by whim of subsequent administrative officers alone. Savage v. Salem, 23 Oregon 381. The damage to plaintiff's property should be properly ascertained and paid before this is done. Kansas City Charter, Art. 8 (page 126, Charter and Rev. Ord. 1898).

*R. J. Ingraham* and *J. J. Williams* for defendant in error submit an argument.

BROADDUS, J.—The plaintiff asks to enjoin Kansas City, its board of public works, and its superintendent of streets, from changing, or attempting to change, the grade of Valentine road, a street in said city, and from removing, or attempting to remove, a certain wall in said street. The board of public works permitted the plaintiff to erect said wall and grade the street so that when it was completed it was above the established

grade. The said Board, however, has now by resolution ordered the wall removed, and the street put upon the established grade. This plaintiff alleges said Board has not the authority to do by mere resolution; that it can only be done by ordinance of the city council. The judge who tried the case made the following finding: "The court concludes that the wall was legally constructed under a license therefor by resolution of the board of public works, yet its construction and existence was and is by license merely, which by law is revocable at will; that the defendants, and that the board of public works of the city, may revoke this license at any time and cause the abatement and removal of the wall, and therefore upon the facts found, as aforesaid, the law is with the defendants and the petition should be dismissed." And it was accordingly adjudged that plaintiff's petition be dismissed. The plaintiff brings the case here by writ of error.

The question presented is not so much one of precedent, but a construction of the powers and duties of the board of public works of the city. In reference to the subject, 15 American and English Ency. of Law 496, says: "This power to authorize obstruction may also be delegated by the legislature to the municipal authorities, and such delegation is to be strictly construed. A grant to an individual by a municipality, under such power, of the right to place an obstruction in the highway may be revoked, unless it seems that expenses have been incurred on account of such license, in which case the municipality may be estopped to revoke it after a reasonable time, or unless the obstruction becomes an actual nuisance. In the absence of any statutory authorization to the municipality, the latter has no power to authorize obstructions which would otherwise be unlawful." In Avis v. Vineland, 55 N. J. L. 285, it was held that under an act for the formation of Borough government, which empowered the mayor and council of boroughs to pass ordinances to prevent and remove

all obstructions, encumbrances, etc., in and upon any street or road, did not authorize the borough government to remove obstructions from a highway by resolution. It was also held that the authorization of the obstruction by resolution was invalid, but as the obstruction actually existed, the removal must be exercised in the manner provided by the act forming the borough. In Savage v. City of Salem, 23 Oregon 381, it was held that a municipal corporation having control of streets may permit erections or obstructions therein, when they are intended to supply a public demand; and that when a city had granted a license or franchise to a private person for a public purpose, it can not, after he has expended money on the faith thereof, revoke his license without compensating him, unless such obstruction become by subsequent use an actual nuisance. In this last instance, the obstructions were water tanks which supplied the plaintiff with water to sprinkle the streets, for which he was paid by property owners. The plaintiff had a property right in the water tanks of which it would have been unjust to have deprived him without compensation. A street railroad for the use of the public, which is a source of income to the owner, would fall within the principle of the case.

The New Jersey case, *supra,* is not authority here because the decision is predicated upon the plain provision of the borough act providing for the manner in which the borough must act in cases of obstruction in streets and highways.

It may be conceded that Kansas City, as a municipal corporation, has the authority to license or grant to persons or corporations the right to place obstructions in its streets where the purpose and effect of such licenses or grants is to serve a public want. Such, for instance, as tracks upon which cars convey passengers for a compensation to and fro within its limits. In such cases, it is undeniable that the city would not be authorized to revoke the license or grant, without at least com-

pensating the owner. But there is a vast difference between licenses of this kind and such as where the licensee is not engaged in a business devoted to a public purpose, but purely personal. It is one of the contentions of the plaintiff in error that as it expended under the license from the Board of Public Works in building said wall and grade the sum of $400, the city can not remove the same without compensation. This contention can not be sustained either upon reason or authority; and the cases cited do not warrant such a conclusion. The difference consists in the fact that in one instance the owner has property on and not in the street. In plaintiff's case, the property right claimed is in the street itself. All the property that the plaintiff has in the street, except that which pertains to it as an adjoining proprietor, is that which is possessed by it in common with the public. Therefore, the license of the city to the plaintiff to erect said wall did not confer any property right in and to the street itself.

Under the charter of the city the board of public works was vested with the authority of supervising the grading and paving of all the streets, avenues, alleys and public grounds of the city. Section 10, Article 6, Revised Ordinances 1898. Under this provision there can be no question but that the city by its board of public works was empowered to license plaintiff or grade the street itself in controversy in the manner and with the wall as it was done by plaintiff. But it can not be said with reason that the board having once acted and graded a street, it must so remain, whether or not it answers best for public purposes.

We have only attempted to discuss thus far the case as presented by the parties; but after all, it occurs to us that it is not a question of license and its revocation. Because the plaintiff under authority from said board constructed the wall and graded the street in question, did not prevent it from being the act of the board itself. The plaintiff undertook to do that which the city might

have required it to do. When completed, in law it was presumed to have been under its supervision. It being a street of the city as much after as before the grading, it remained under its supervision, subject to such changes as the board might deem best for public use.

Cause affirmed. All concur.