(June 12, 1917.)

SAMUEL KEYSER, Doing Business Under the Name and Style of THE AMERICAN GROCERY CO., Appellant, v. THE CITY OF BOISE, a Municipality Under the Laws of the State of Idaho, Respondent.

[165 Pac. 1121.]

PUBLIC STREET — OBSTRUCTION — PERMIT FOR — REVOCATION — INSUFFICIENT COMPLAINT.

1.  The holder of a permit to install an obstruction in a public street or thoroughfare for private purposes acquires no property or contractual right by reason of the issuance to him of such permit, and whenever the city authorities deem it necessary as a police regulation to vacate and revoke such permit, the holder thereof has no alternative, but must comply with the order of revocation.

2.  *Held*, that the action of the trial court in sustaining the demurrer to the complaint and dismissing the action was not error.

[As to right of private person to obstruct street temporarily, see note in 1 Am. St. 840.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action to enjoin the City of Boise from removing by force a gasoline pump, installed by appellant on a public street, under a permit issued to him by the city. Demurrer to complaint sustained and judgment of dismissal *affirmed.*

Van W. Hasbrouck, for Appellant.

When the right to use the streets is granted and accepted and all conditions imposed incident to the right performed, it ceases to be a mere license and becomes a valid contract. (4 McQuillin, Mun. Corp., sec. 1616, and authorities cited; 3 Abbott, Mun. Corp., sec. 919, p. 2145, and cases cited; *Village of Madison v. Alton G. & St. L. Traction Co.*, 235 Ill. 346, 85 N. E. 596; *Hasty v. Huntington*, 105 Ind. 540, 5 N. E. 559; *Peoria R. Co. v. Peoria Ry. Terminal Co.*, 252 Ill. 73, 96 N. E. 689; *Workman v. Southern Pacific R. Co.*, 129 Cal. 536, 62 Pac. 185, 316.)

The erection and maintenance of gasoline tanks, and the necessary pump for distributing the gasoline to the public as in the case at bar, are not purely for private purposes, but, on the contrary, are for the purpose of serving the public. (*Savage v. City of Salem*, 23 Or. 381, 37 Am. St. 688, 31 Pac. 832, 24 L. R. A. 787.)

Any failure of the appellant to perform any conditions on his part to be performed, in accordance with the whims of the city's many officers, were wholly conditions subsequent to the vested rights of the appellant. (*Citizens' Horse Ry. Co. v. Belleville*, 47 Ill. App. 388; *People v. Blocki*, 203 Ill. 363, 67 N. E. 809; 3 Abbott, Mun. Corp., pp. 2147–2149, and cases cited.)

"A municipal corporation as well as a private corporation is subject to an estoppel *in pais* for the words, acts or conduct of its officers, as to its business affairs." (*George F. Blake Mfg. Co. v. Chicago Sanitary District*, 77 Ill. App. 287; McQuillin, Municipal Ordinances, sec. 352, and cases cited.)

"A resolution of the council, rescinding its former action, without notice to defendant or opportunity given him to be heard is, in the absence of any public necessity for such action, void as taking property without due process of law." (*City of Buffalo v. Chadeayne*, 7 N. Y. Supp. 501; *United Electric Co. of New Jersey v. City of Bayonne*, 73 N. J. L. 410, 63 Atl. 996.)

Charles F. Reddoch, for Respondent.

The permit was for a purely private purpose, in that it authorized appellant to occupy a portion of one of the public streets of the city with a pump, for the sale of gasoline, and at most it was a mere license, revocable at any time. Appellant acquired no property right by this permit. (3 McQuillin, Mun. Corp., 1319; *Elster v. City of Springfield*, 49 Ohio St. 82, 30 N. E. 274; *City of Denver v. Girard*, 21 Colo. 447, 42 Pac. 662; *Lacy v. Oskaloosa*, 143 Iowa, 704, 121 N. W. 542, 31 L. R. A., N. S.. 853; *Hibbard etc. Co. v. Chicago*, 173 Ill. 91, 50 N. E. 256, 40 L. R. A. 621; *Tell City v. Bielefeld*, 20 Ind. App. 1, 49 N. E. 1090; *Winter v. City of Montgomery*, 83 Ala. 589, 3 So. 235; *Ainley v. Hackensack Imp. Commission*, 64 N. J. L. 504, 45 Atl. 807; *Eddy v. Granger*, 19 R. I. 105, 31 Atl. 831, 28 L. R. A. 517; *South Highlands Land Imp. Co. v. Kansas City*, 100 Mo. App. 518, 75 S. W. 383; *City of New York v. United States Trust Co.*, 116 App. Div. 349, 101 N. Y. Supp. 574; *Emerson v. Babcock*, 66 Iowa, 257, 55 Am. Rep. 273, 23 N. W. 656; *Norfolk City v. Chamberlaine*, 29 Gratt. (Va.) 534.)

BUDGE, C. J.—The appellant filed a complaint in the district court, setting up the following facts: That he was conducting a grocery business in Boise City; that respondent is a municipality in Ada county; that on the 4th day of May, 1915, the council of said city passed a resolution, upon his application, permitting and authorizing him to install a gasoline tank for the purpose of selling gasoline to automobilists and others; that pursuant to this permit, and relying thereon, he purchased a gasoline tank and pump and employed a skilled plumber to install the same; that the installation thereof was completed on the 13th day of May, 1915, with the exception of replacing the cement of the sidewalk around it; that during the installation thereof two members of the city council were present and assisted him in lining up the pump with the walk; that one of the councilmen came to him and stated that he was authorized by the council to investigate the

pump, which he did, and stated to appellant that he would report the matter to the council; that said councilman came back to appellant's place of business and stated that the council objected to the pump, on account of its appearance and the long arm projecting from it; that appellant removed the arm and agreed with the council that he would not use the galvanized iron, which came with the pump, for covering the same, as the council considered it unsightly; that thereafter the council, without any notice to appellant, on the 14th day of May, 1915, held a special meeting, and passed a resolution directing appellant to remove the pump, so installed, within two days from the date of said resolution, and that in the event of his failure so to do, the street commissioner was directed and ordered to remove the pump and place the street in its previous condition, at the expense of appellant; that unless restrained by this court, said resolution would be carried into effect, to the great wrong and injury of appellant, and in violation of his rights under said permit; that the action of the council in ordering the pump removed was without authority of law, and wholly null and void and in violation of appellant's constitutional rights, and deprived him of the right of due process of law; that he had no speedy or adequate remedy at law; that the purported resolution of May 14, 1915, did not state the correct state of facts in that it purported to state that the council directed and instructed appellant not to install an inside pump of the type and character intended to be installed; that, on the contrary, the council never made any objection to the character or the type of pump not being an outside pump until their purported resolution of May 14, 1915; that appellant prior to said date had no notice from the council that the pump was not in accordance with the ordinance of the city or not a proper pump for said purpose; that, on the contrary, the pump and tank were inspected by the chief of the fire department of said city and by members of the city council; that the city and members of its council had ample opportunity to observe, and did observe, the almost complete installation of the tank and pump before the passing of said

purported resolution on May 14, 1915, where and when appellant first received information, by his voluntary appearance at said council meeting, that the maintenance of the pump would not be permitted; that the council and city have authorized installations, and under said authorizations there have been installed in said city pumps of the same type and character as the pump installed by the appellant; that appellant had performed all the conditions on his part to be performed under said permit, and prayed for a temporary restraining order, restraining the city from the threatened acts, set forth in the complaint, and for an order to show cause why the temporary restraining order should not be made absolute.

Respondent demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, injunctive or otherwise. The demurrer was sustained, and appellant refusing to plead further, judgment was entered, dismissing the action. This is an appeal from the judgment.

Appellant assigns the following errors: That the court erred in sustaining the demurrer to the complaint, and in rendering judgment in favor of respondent. The only question for this court to determine is, whether or not the complaint states a cause of action.

The authorities dealing with the question raised by the demurrer are conflicting, but we are of the opinion that the sounder rule and the rule supported by the better reasoned cases is to the effect, that the streets, from side to side and end to end, belong to the public, and are held by the municipality in trust for the use of the public. The city is, therefore, without authority, in the absence of a legislative enactment expressly permitting it, to grant a private person or corporation a permit to erect or maintain a permanent obstruction in a public street or thoroughfare for a purely private purpose; we have no such statute in this state. It follows that anyone obtaining a permit from the city, for the private use of a public street, as in this case, takes the same with notice that it is subject to revocation at the will of the city, and, indeed in this view, it matters not whether the use is made in accordance with a permit or without one, the use

is merely permissive in either event, and revocable at any time without notice. If the person making such private use of a street goes to expense he does so at his own risk, and he will not be heard to complain that his property is being taken without due process of law.

The holder of a permit to install an obstruction in a public street or thoroughfare, for a private purpose, acquires no property or contractual right by reason of the issuance to him of such permit, and whenever the city authorities, in their discretion, deem it necessary as a proper police measure, to vacate and revoke such permit, the holder of the same has no alternative, but must comply with the order of revocation. (3 McQuillin, Mun. Corp., sec. 1319; *Elster v. City of Springfield,* 49 Ohio St. 82, 30 N. E. 274; *City of Denver v. Girard,* 21 Colo. 447, 42 Pac. 662; *Lacy v. Oskaloosa,* 143 Iowa, 704, 121 N. W. 542, 31 L. R. A., N. S., 853; *Hibbard etc. Co. v. Chicago,* 173 Ill. 91, 50 N. E. 256, 40 L. R. A. 621; *City of Tell City v. Bielefeld,* 20 Ind. App. 1, 49 N. E. 1090; *Winter v. City of Montgomery,* 83 Ala. 589, 3 So. 235; *Ainley v. Hackensack Imp. Commission,* 64 N. J. L. 504, 45 Atl. 807; *Eddy v. Granger,* 19 R. I. 105, 31 Atl. 831, 28 L. R. A. 517; *South Highland Land & Imp. Co. v. Kansas City,* 100 Mo. App. 518, 75 S. W. 383; *City of New York v. United States Trust Co.,* 116 App. Div. 349, 101 N. Y. Supp. 574; *Emerson v. Babcock,* 66 Iowa, 257, 55 Am. Rep. 273, 23 N. W. 656; *Norfolk v. Chamberlain,* 89 Va. 196, 16 S. E. 730; *Ely v. Campbell,* 59 How. Pr. (N. Y.) 333.)

It may be that a different rule would apply if the municipality had been given the right to grant such a permit by statute. Some cases have gone to the extent of announcing a rule contrary to the one herein expressed, apparently upon the theory that a municipality has a right, in the absence of a statute authorizing it, to grant an irrevocable license or permit of a private use of the streets, so long as such use does not materially interfere with the use thereof by the public. (3 McQuillin, Mun. Corp., sec. 1319; *City of Buffalo v. Chadeayne,* 7 N. Y. Supp. 501; *Incorporated Town of Spencer v. Andrew,* 82 Iowa, 14, 47 N. W. 1007, 12 L. R. A. 115; *First*

*Nat. Bank v. City of Emmetsburg*, 157 Iowa, 555, 138 N. W. 451–456, L. R. A. 1915A, 982; *Smith v. City of Jefferson*, 161 Iowa, 245, Ann. Cas. 1916A, 97, 142 N. W. 220, 45 L. R. A., N. S., 792.)

While the latter view has some very plausible arguments in its favor, we are not in accord with it, for, as indicated above, the former view is supported by the weight of modern authority and by sound legal principle.

The complaint, therefore, does not state a cause of action, and the demurrer was properly sustained. The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.