**PALACE GARAGE et al. v. OKLAHOMA CITY.**

No. 17330.   Opinion Filed May 8, 1928.

Rehearing Denied June 19, 1928.

(Syllabus.)

1. **Municipal Corporations — Discretionary Powers as to Control of Streets and Parkings Granted by Statute.**

Section 4564, C. O. S. 1921, confers wide discretionary powers upon the governing body in cities and towns as to regulation and control of streets and parkings within the city or town, subject only to being exercised in such a manner as not to be arbitrary or discriminatory.

**2. Same—Ordinance Prohibiting Certain Obstructions Within Police Power of City.**

The passage of an ordinance prohibiting the establishing of certain obstructions in the streets and parkings of the city, and likewise prohibiting the continuation of those already established is a valid exercise of the police power of the city.

**3. Same—No Vested Rights Acquired by Maintenance of Obstructions with City's Consent Prior to Passage of Ordinance.**

Where certain individuals or firms have established, with the knowledge and consent of the city, certain obstructions upon the streets and parkings of the city prior to the passage of an ordinance prohibiting same, no vested rights were acquired therein by reason of the permissive use of the streets and parkings in such manner.

**4. Same—Validity of Ordinance Prohibiting Operation of Curb Filling Station.**

Ordinance here in question construed as being a valid exercise of the police power of the city and in no wise violative of the constitutional rights of the plaintiffs.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Injunction by the Palace Garage, a corporation, et al., against Oklahoma City. Demurrer to petition sustained, petition dismissed, and plaintiffs bring error. Affirmed.

Warren K. Snyder, Roy St. Lewis, and Edward C. Snyder, for plaintiffs in error.

John F. Martin, for defendant in error.

HUNT, J. This is an appeal from the district court of Oklahoma county. The parties appear here as in the court below, and will be so referred to herein. Plaintiffs brought this action against the city of Oklahoma City to enjoin the enforcement of a certain ordinance numbered 2982, and to have same declared unconstitutional and void as being oppressive and unwarranted and the enforcement thereof destructive of the property and business of plaintiffs without due process of law, and therefore violative of the 14th Amendment to the Constitution of the United States. Defendant city filed a general demurrer to plaintiffs' petition, which was by the court sustained.

Plaintiffs elected to stand on their petition and refused to plead further, whereupon the court rendered judgment dismissing the petition of plaintiffs, and it is from this judgment this appeal is prosecuted.

The petition in error contains five separate assignments of error, all of which may be grouped under the one general assignment, to wit: Error of court in not overruling the demurrer of defendant to petition of plaintiffs. The gist of the relief sought by plaintiffs is nonenforcement of the ordinance complained of as against them, for two reasons: First, that same is unconstitutional and void; and, second, that even if valid, it is not retroactive and therefore not enforceable as to plaintiffs.

We have carefully considered the voluminous brief filed herein by counsel for plaintiffs, and have examined the numerous cases therein cited, and are forced to the conclusion that same do not in any wise support plaintiffs' contention here.

The sole question for our determination is whether or not the passage and enforcement of the ordinance here in question is a valid exercise of the police power of the city. We deem it unnecessary to set out in full herein the ordinance attacked by plaintiffs, but, for the purposes of this discussion, the title thereof will suffice, the same being as follows:

"An ordinance prohibiting the construction, erection, operation or maintenance of any mercantile business or equipment pertaining thereto, upon any of the public streets, alleys, boulevards, parkways, sidewalks, curbing or parking within the city of Oklahoma City, repealing ordinances Nos. 2862 and 2888, and all other ordinances or parts of ordinances of the city of Oklahoma City in conflict herewith, fixing penalty for violation hereof, and declaring an emergency."

Section 4564, C. O. S. 1921, provides as follows:

"The council may prohibit and prevent all encroachments into and upon the sidewalks, streets, avenues, alleys and other property of the city, and may provide for the removal of all obstructions from the sidewalks, curbstones, gutters and cross-walks, at the expense of the owners or occupiers of the grounds fronting thereon, or at the expense of the person placing the same there; the council may also regulate the planting and protection of shade trees in streets, the building of bulkheads, cellar and basement ways, stairways, railways, windows and doorways, awnings, hitching posts and rails, lamp posts, awning posts, and all other structures projecting upon or over and adjoining, and all other excavations through and under the sidewalks or along any streets of the city."

Defendant contends this section of the statute is conclusive as to its right to enact and enforce the ordinance here in question, and cites in support thereof Norman Milling & Grain Co. v. Bethurem, 41 Okla. 735, 139

Pac. 830, and particularly the following quotation therefrom:

"First, subject to the requirement that it must act in good faith and not abuse its exercise of power, a city has the power of control over its streets, including the parkings and all spaces occupied by both the trees and wires thereon; and this power is paramount to any right that either the grower of trees or the owner of wires may acquire thereon. Sections 586-591, Stat. 1890, found with some amendments in sections 572-575, Rev. Laws 1910; 28 Cyc. 851, 947, 953; McQuillin, Municipal Corporations, sec. 1327; Robinson et, al. v. City of Spokane, 66 Wash. 527, 120 Pac. 101, 28 Ann. Cas. 639; Frostsburg v. Wineland, 98 Md. 239, 56 Atl. 811, 64 L. R. A. 627, 1 Ann. Cas. 783; Wright v. Austin, 143 Cal. 236, 76 Pac. 1023, 65 L. R. A. 949, 101 Am. St. Rep. 97."

Plaintiffs likewise cite this case as sustaining their contention that they have "some rights in the parking," but, as we view this record and understand the question here presented, the rights of the property owner in the parking are not here denied, but it is admitted that certain rights are specifically conferred by section 4359, C. O. S. 1921, same being made expressly subject, however, to the lawful supervision of the city or town over its streets.

That the passage of ordinances of this kind is a valid exercise of the police power of the city has been determined by the Supreme Court of Kansas in the case of Slocum v. City of Wichita, 217 Pac. 297, and by the Supreme Court of Michigan, in the case of Village of North Adams v. Wertz, 188 N. W. 527; and the Supreme Court of Arkansas, in the case of Sander v. City of Blytheville, 262 S. W. 25. We have carefully reviewed each of these cases, and are of the opinion that same support defendant's contention here. The case of Sander v. City of Blytheville, supra, is so thoroughly in point here and so completely answers the contention of plaintiffs, we feel justified in quoting from same at length. The ordinance in question there was very similar to the one here under consideration and the petition attacking same contained substantially the same allegations as the petition here, and demurrer was sustained to same, as here. In affirming the lower court, Justice Wood had this to say:

"In exercising the power conferred upon it under the general welfare clause of the statute, the city council has broad discretion to determine what is necessary for the public welfare, safety, comfort, and convenience of the inhabitants of the city. The city council likewise has a similar discretion in determining what character of struc-

ture may be erected and maintained upon, over, or under the streets, alleys, and sidewalks of the city, so long as such structure does not constitute per se a common nuisance. 'A purpresture is an encroachment upon the street, which the municipality may or may not tolerate at its option, if the same be not also a public nuisance.' Ruffner v. Phelps, 65 Ark. 412, 46 S. W. 728; Owens & Scott v. Town of Atkins (Ark.) 259 S. W. 396. Under the allegations of the appellants' complaint, their filling station, while a purpresture, was not a public nuisance per se, because they alleged that it was constructed with all safeguards and protection against fire, and so as not to create any hazard or risk from that source, and likewise that its appliances do not extend into the street, but are located between the sidewalk and curb line of the street, and, therefore, were not in any sense a public nuisance. But, notwithstanding these allegations, it was nevertheless within the option or discretion of the city council to determine whether the welfare of the city demanded the abatement of these structures; and unless such discretion was exercised in an arbitrary, discriminatory, and unreasonable manner, or in such manner as to invade the constitutional rights of property, the court will not interfere and declare the ordinance void. See North Little Rock v. Rose, 136 Ark. 298, 206 S. W. 449, and cases there cited.

"The complaint does not contain any allegations which show that the ordinance is unreasonable, arbitrary, and discriminatory, or that it invades appellants' constitutional right to own and use their property. The fact that the city council permitted the operation of other stations, known as 'drive-in stations,' which were not situated on the street, but on private lots, would not tend to show that the ordinance under review was discriminatory, even though, in order to reach these drive-in stations, it was necessary to drive across the sidewalks of the city, and even though the fire hazard was greater from such stations than from the filling station of appellants. Such 'drive-in' stations being situated upon private lots, they cannot be brought within the same class as the filling station of the appellants, which is within the boundaries of the street. Comparison cannot be made between filling stations situated on private lots and filling stations situated within the boundaries of the street, in order to determine whether the ordinance be discriminatory and unreasonable. The right of the city council to pass the ordinance under consideration is predicated upon the fact that the filling station of appellants is within the street of the city and therefore a purpresture, which the council, by an ordinance which is not arbitrary, discriminatory, or unreasonable, has the right to remove."

The reasoning herein employed applies

with equal force to the question here presented. The plaintiffs here are owners of so-called curb stations for furnishing gas, water, and air to automobiles, and under the allegations of their petition, their stations, while a purpresture, were not a public nuisance per se, because it was further alleged that they were constructed with all necessary safeguards so as not to create any hazard or risk. The right of the city commissioners to pass the ordinance under consideration is predicated upon the fact that the filling stations of plaintiffs were within the streets of the city, and therefore a purpresture which the commission, by proper ordinance, has a right to prohibit and to remove.

The defendant makes the further contention that the gasoline curb pumps or other obstructions located upon the streets, parkings or sidewalks of the city or town are a nuisance and may be abated as such, and cites the applicable provisions of our statute relative thereto and some authorities in support of this theory. It is unnecessary, however, to determine this question, because the question here presented is as to the power of the city commissioners to pass this ordinance as a regulatory measure of its streets, sidewalks, and parkings, in the proper exercise of police power, and it is upon this theory that we must determine the question here presented without regard to whether or not the obstructions prohibited by the ordinance are a nuisance.

The further contention is made by the plaintiff that their curb pumps, etc., were placed in the parking with the consent of the city, and having expended considerable sums of money in the construction of same, they therefore had a vested right to keep them there, so long, of course, as they are operated in such a manner as not to become a menace to the life or safety of the public, and it is alleged in their petition that they are so being operated. This question, however, is definitely settled adverse to plaintiffs' contention in case of Keyser v. City of Boise (Idaho) 165 Pac. 1121. This case is so completely decisive of this question, we desire to quote at length therefrom as follows:

"* * * The authorities dealing with the question raised by the demurrer are conflicting, but we are of the opinion that the sounder rule, and the rule supported by the better reasoned cases, is to the effect that the streets, from side to side and end to end, belong to the public, and are held by the municipality in trust for the use of the public. The city is therefore without

authority, in the absence of a legislative enactment expressly permitting it, to grant a private person or corporation a permit to erect or maintain a permanent obstruction in a public street or thoroughfare for a purely private purpose; we have no such statute in this state. It follows that any one obtaining a permit from the city, for the private use of a public street, as in this case, takes the same with notice that it is subject to revocation at the will of the city, and, indeed in this view, it matters not whether the use is made in accordance with a permit or without one, the use is merely permissive in either event, and revocable at any time without notice. If the person making such private use of a street goes to expense, he does so at his own risk, and he will not be heard to complain that his property is being taken without due process of law.

"The holder of a permit to install an obstruction in a public street or thoroughfare, for a private purpose, acquires no property or contractual right by reason of the issuance to him of such permit, and whenever the city authorities, in their discretion, deem it necessary, as a proper police measure, to vacate and revoke such permit, the holder of the same has no alternative, but must comply with the order of revocation. 3 McQuillin, Mn. Corp. sec. 1319; Elster v. City of Springfield, 49 Ohio St. 82, 30 N. E. 274; City of Denver v. Girard, 21 Colo. 447, 42 Pac. 562; Lacy v. Oskaloosa, 143 Iowa, 704, 121 N. W. 542, 31 L. R. A. (N. S.) 853; Hibbard v. Chicago, 173 Ill. 91, 50 N. E. 256, 40 L. R. A. 621; City of Tell City v. Bielfeld, 20 Ind. App. 1, 49 N. E. 1090; Winter v. City of Montgomery, 83 Ala. 589, 3 South. 235; Ainley v. Hackensack Imp. Commission, 64 N. J. Law, 504, 45 Atl. 807; Eddy v. Granger. 19 R. I. 105; 31 Atl. 831, 28 L. R. A. 517; South Highland L. & I. Co. v. Kansas City, 100 Mo. App. 518, 75 S. W. 383; City of New York v. United States Trust Co., 116 App. Div. 349, 101 N. Y. Supp. 574; Emerson v. Babcock, 66 Iowa, 257, 23 N. W. 656. 55 Am. Rep. 273; Norfolk v. Chamberlain, 89 Va. 196. 16 S. E. 730: Ely v. Campbell, 59 How. Prac. (N. Y.) 333."

We adopt the reasoning of this case as being especially applicable here, in view of the provisions of our statute. Section 4359, C. O. S. 1921, provides in part as follows:

"* * * But in no event shall the authorities of any city or town have power to permit any part of the parking or sidewalk to be maintained or incumbered above or below the grade line of such street by any building, terrace, retaining wall, walk, steps or driveway. * * *"

Any permissive use of the streets or parking would, therefore, be with full knowledge of the statutory limitation on the part of the officers of the city to grant same. It

is therefore readily apparent that no property rights could be acquired in such a use of the streets by plaintiffs as is disclosed by the petition herein. In the numerous cases cited on this proposition by plaintiffs an entirely different situation obtained.

It is also contended by plaintiffs that the ordinance is prospective rather than retroactive, and is therefore only a prohibition against such obstructions as therein set out being established in the future.

It is quite clear from a careful reading of the ordinance that it is intended to be a prohibition against the continuation of any such stations already established and in operation as well as a prohibition against the future establishment of any such obstructions. On consideration of all the authorities and upon the record before us, we are constrained to hold: First, that the ordinance here in question applies to all obstructions of any kind or character upon any part of the public streets, alleys, boulevards, parkways, sidewalks, curbing or parking, and particularly such as are therein enumerated, within the city of Oklahoma City, irrespective of whether same were installed either before or after the passage of the ordinance. Second, the passage of said ordinance was a valid and proper exercise of police power of the city.

It follows that the judgment of the trial court in sustaining the demurrer of defendant and dismissing plaintiffs' petition was proper, and the judgment is therefore in all things affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 28 Cyc. p. 850. (2) anno. 31 L. R. A. (N. S) 853; 19 R. C. L. p. 850. (3) 42 C. J. p. 1306, §1213.