BERRY–HORN COAL COMPANY, Respondent, v. SCRUGGS-McCLURE COAL COMPANY *et al.*, Appellants.

62    93
161s 397

St. Louis Court of Appeals, April 23, 1895.

1. **Use of Highway for Private Purposes**: PRIVATE SCALES. Private scales are not a public purpose, and therefore, municipal authorities can not grant the use of a public highway therefor, and especially when the fee to the land covered by the highway is in the adjoining owner, and he does not consent.

2. ———: LEASES: CONTINUANCE OF APPURTENANT PRIVILEGES. The owner of premises, and of a strip of land immediately in front thereof which was used as a highway, leased these premises for a term of years, and granted to the lessee as an incident to the lease the privilege of erecting and maintaining private scales on this strip. *Held,* that this privilege terminated with the lease, whether the strip was a highway or not.

3. ———: ABATEMENT OF OBSTRUCTION. And, if the owner of such scales does not remove them on the termination of such privilege, subsequent lessees of the demised premises may remove them in a careful manner.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*Dawson & Garvin* for appellants.

The scales were immediately in front of defendants' premises in opposition to defendants' wishes and peculiar interests. Bishop on Noncontract Law, sec. 993; *Cummings v. City of St. Louis*, 90 Mo. 259; *The C. H. H. Dry Goods Co. v. Citizens Railway Co.*, 41 Mo. App. 77. By refusing to remove them, the plaintiff was guilty of trespassing upon the defendants' rights, whether that ground was defendants' private premises or a public highway with the fee in defendants' lessor. *Rutherford v. Taylor*, 38 Mo. 315; Bishop on Noncontract Law, secs. 990, 1011; *Esty v. Baker*, 48 Me. 495; 2 Waterman on Trespass, secs. 692, 699. Defendants had a right to remove them with as little injury as possible. *Adams v. Barney*, 25 Vt. 225; *President and Fellows of Harvard College v. Stearns*, 15 Gray, 4. The order of the county court was void *ab initio*, inasmuch as it purported to grant for private purposes an exclusive use of a public highway, and imposed additional burdens on abutting owners without compensation. *Glaessner v. Brewing Ass'n*, 100 [Mo. 514; *McCaffrey v. Smith*, 41 Hun, 117; Elliott on Roads and Streets, p. 527; *Williams v. Plank Road*, 21 Mo. 580.

*Clopton & Trembley* and *Orr, Christie & Bruce* for respondent.

ROMBAUER, P. J.—The plaintiff sues in an action of trespass. The petition contains two counts. The first seeks a recovery of damages caused to the plaintiff in being forcibly ousted by the defendants from the possession of a coal office. The second count complains of a similar ouster from the possession of certain coal scales, erected by the plaintiff's assignor on the high-

way in front of said coal office. The answer of the defendants was a general denial. Upon the trial the court sustained a demurrer to the evidence on the first count, but submitted the cause to the jury on the second count, and the jury rendered a verdict for plaintiff on that count. The defendants appeal and assign for error that the court admitted illegal evidence, and should have sustained a demurrer to the evidence on the second count likewise.

There is very little conflict in the testimony. The facts shown by it are substantially these: One Allen owned in the unincorporated village of Webster Groves a block of ground which fronted toward the right of way of the Missouri Pacific Railroad. There was a strip twenty feet in width between the row of houses in this block and the boundary of the right of way of the railroad which was used by the public as a highway. In October, 1891, Allen leased an office room standing on the building line of the block to one Peterson for a period of four years. This lease was, by its terms, non-assignable, and contained the following provision: "Said office room to be used as office for selling coal, ice and wood, and weighing, with privilege of erecting and using scales in front of said office, at a monthly rent," etc. Peterson entered upon the premises and erected, in front of the office, platform scales on masonry sunk in the ground. In January, 1893, he sold the scales to the plaintiff, and assigned to it his lease from Allen. In May, 1893, the plaintiff wrote to Allen that it would not need the office any more for scale purposes, whereupon Allen relet the office to the defendants with the identical clause for privileges as to scales, which was contained in the original lease to Peterson. The defendants thereupon took possession of the office and notified the plaintiff to remove its scales. Upon plaintiff's declining to do so, the defendants carefully removed

the scales and replaced them with scales of their own. The last act is the alleged trespass for which the plaintiff recovered judgment.

The plaintiff offered in evidence an order of the county court of St. Louis county, granting permission to Peterson to erect the scales at the point in question. The defendants objected to this evidence, but the court admitted it, and the defendants excepted and still except. This ruling was error. Conceding that there was some evidence tending to show that the place where the scales were erected was a highway, where does the county court derive its authority to have scales erected therein? Private scales are not a public purpose, and municipal authorities can not grant rights in highways for private purposes, and certainly not without the consent of the adjoining owner, who, in this case, is shown to have been the owner of the fee of the ground, subject to whatever easement the public may have acquired to travel over it. *Glaessner v. Brewing Association*, 100 Mo. 514.

Passing to the consideration of the main proposition, however, we can not see how this judgment can be sustained on the evidence. There is no controversy whatever touching the fact that Allen was the owner of the coal office, and owner of the fee of the ground on which the scales were erected. There is no substantial controversy that he let the office to the defendants with the privilege of maintaining scales in front of it. There is no controversy touching the fact that plaintiff's assignor only acquired the privilege to erect and use scales in front of that office as an incident to his lease of the office. The lease granted to him admits of no other construction. As soon, therefore, as the plaintiff's right to the possession of the office determined, its right to *maintain* the scales as against Allen, or those claiming under him, was necessarily gone. Since the

court found that the plaintiff had failed to show any right to the possession of the office, it could not, under the evidence, submit to the jury the question of the plaintiff's right to the possession of the scales as a fixture.   If the defendants were rightfully in the possession of the office (and the court so found), then the scales in front of the office were an interference with their property rights, regardless as to whether the space on which such scales stood was a highway or not.   If the scales constituted such interference, the defeneants had a right to remove them in a careful manner. *Adams v. Barney*, 25 Vt. 225; *President & Fellows of Harvard College v. Stearns*, 15 Gray, 4.

Taking the above view of the law, we deem it needs less to decide whether the evidence adduced was sufficient to show a dedication by Allen, for highway purposes, of the strip of twenty feet lying between the building line in his block, and the right of way of the Missouri Pacific railroad.   For the purposes of the argument, we have conceded that the testimony was sufficient to submit that question to the jury.   If the scales stood on Allen's ground, which was not subject to the easement of a public highway, then the plaintiff, under the evidence, would not have even a pretense of a cause of action.

The judgment is reversed and the cause remanded. All the judges concur.