THE BOARD OF COMMISSIONERS OF CHEROKEE COUNTY, et al., v. THE STATE OF KANSAS, on the Relation of C. O. Stockslager, County Attorney.

1. ACT OF LEGISLATURE; *Duty of Courts.* In determining whether an act of the legislature is constitutional, it is the duty of the courts to give such a construction to it, if possible, as will uphold the act.

2. ——— *Valid Act.* Chapter seventy-five of the Laws of 1886 is not violative of that provision of the constitution which ordains, "No bill shall contain more than one subject, which shall be clearly expressed in its title."

*Error from Cherokee District Court.*

INJUNCTION, brought by *The State,* on the relation of the county attorney of Cherokee county, against the *Board of Commissioners* of said county, and the county clerk thereof. On September 7, 1886, the judge of the district court refused to dissolve the temporary injunction theretofore granted in the action. The defendants bring the case here. The material facts are stated in the opinion.

*S. B. Bradford,* attorney general, *W. R. Cowley, H. G. Webb,* and *Edwin A. Austin,* for plaintiffs in error.

*Rossington, Smith & Dallas,* for defendant in error; *C. O. Stockslager,* and *M. V. B. Bennett,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: The object of the petition filed in the court below is to obtain a preventive remedy against the en-

22 — 36 KAS.

| 36 | 337 |
| 38 | 699 |
| 36 | 337 |
| 40 | 68 |
| 36 | 337 |
| 42 | 232 |
| 36 | 337 |
| 47 | 95 |
| 36 | 337 |
| 50 | 521 |
| 36 | 337 |
| 53 | 199 |
| 53 | 511 |
| 53 | 661 |
| 36 | 337 |
| 55 | 376 |
| 55 | 534 |
| 36 | 337 |
| 57 | 245 |
| 36 | 337 |
| 64 | 11 |
| 64 | 610 |
| 36 | 337 |
| 70 | 446 |
| 36 | 337 |
| e71 | 269 |

forcement of chapter 75 of the Laws of 1886, upon the ground that the same is unconstitutional. The only question for determination is, whether said chapter 75 is in conflict with § 16, article 2, of the constitution of the state. Said section of the constitution ordains, among other things, that " No bill shall contain more than one subject, which shall be clearly expressed in its title." The act in question is entitled " An act to authorize the board of county commissioners of Cherokee county to build a court house, and to build and to pay for bridges in said county, and to provide a fund therefor." The act commences as follows:

"That the board of county commissioners of Cherokee county is hereby authorized, at the regular time of making the annual levy of taxes for the year eighteen hundred and eighty-six, to levy a tax not to exceed three mills on each dollar of taxable property in said county, and in each succeeding year thereafter a like tax, until the taxes thus levied shall reach the sum of seventy thousand dollars and no more, which taxes so levied shall be collected as other taxes; and the said board of county commissioners shall appropriate the same as follows," etc.

Under the act, a court house is to be built and furnished in Cherokee county, at a cost not exceeding $40,000, and certain bridges are to be built and paid for in that county. The subject of the act is the creation and use of a fund for public improvements in Cherokee county, consisting of a court house and bridges. The learned district judge who granted the temporary injunction in this case and refused to dissolve the same upon hearing, stated in his opinion that as the fund provided for was to be used to build a court house and pay for bridges, the act contains two subjects, and therefore the same is in contravention of the mandate of the constitution. Of course if we ignore the provisions of the act to create a fund of $70,-000 for the purpose of public improvements, and then decide that the building of a court house has no connection with the building of bridges, and that these matters have no relation to each other, the decision of the court below may be sustained; but we do not think this is the proper view of the case

We are not to declare an act of the legislature unconstitutional unless the reasons against its unconstitutionality at least preponderate over the reasons in favor of its validity. If the reasons are equally balanced, we should declare in favor of the validity of the act. It is generally said that before an act of the legislature can be declared unconstitutional, its unconstitutionality must clearly appear. (*The State v. Hitchcock*, 1 Kas. 178; *Comm'rs of Leavenworth Co. v. Miller*, 7 id. 479; *The State, ex rel., v. Ewing*, 22 id. 708; *Comm'rs of Norton Co. v. Shoemaker*, 27 id. 77; *Weyand v. Stover, Treas.*, 35 id. 545.) Therefore if we can construe the act of 1886 in harmony with the provisions of the constitution, it is our duty to respect the will of the legislature and declare the act valid.

1. Act of legislature; duty of courts.

The construction of county buildings and bridges has been a matter of previous consideration by the legislature in the same statute, thus:

"All contracts for the erection of any court house, jail or other county building, or the construction of any bridge the cost of which exceeds one thousand dollars, shall be awarded on a public letting to the lowest responsible bidder." (Comp. Laws of 1879, ch. 25, § 21.)

If the legislature had passed an act entitled "An act to authorize the board of county commissioners of Cherokee county to provide a fund and appropriate the same for public improvements in said county," and had therein authorized the creation and use of a fund of $70,000 for public improvements in Cherokee county, the board of county commissioners of that county would have had authority to use the fund for the construction of a court house, and for building and paying for bridges; and such an act would be constitutional.

If such an act would be constitutional, we can perceive no good reason why the act of 1886 should not also be held constitutional, although the objects are distinctly designated for which the fund created by the levies of taxes is to be used. Considering the building of a court house and the building and purchase of bridges public improvements in the county,

these objects cannot be said to have any improper relation to each other; therefore the matters in the body of the act are properly connected. (*Insurance Co. v. Mayor*, 8 N. Y. 241; *Blood v. Mercelliott*, 53 Pa. St. 391; *The State v. County Judge*, 2 Iowa, 280.)

There is nothing in the title of the act misleading, or violative of the constitution. Neither the members of the legislature nor the public could be misled by it. It would have been better, perhaps, if the title had read, "An act to provide for the creation of a fund to pay for certain public improvements in Cherokee county;" but the act, in substance, is the same as this, excepting it designates the objects to which the fund is to be appropriated. The intent of the provision of the constitution under discussion was to prevent the union in the same act of incongruous matters and of objects having no connection and no relation; and with this, it was designed to prevent surprise in legislation, by having matter of one nature embraced in a bill whose title expressed another.

2. Valid act.

In our view, a court house and the bridges of a county are public improvements; therefore, these things in the act are congruous; and while more is expressed in the title than is necessary, nothing is expressed therein to deceive or surprise. At the time of the passage of said chapter seventy-five, Cherokee county constituted one senatorial district, the fourteenth, and three representative districts, the forty-first, the forty-second, and the forty-third. The act applies to Cherokee county only; and if it be urged against the act that it is "hodge-podge" or "log-rolling" legislation, because provision is made therein to purchase and build bridges, as well as to construct a court house, the answer is that it cannot be invalidated because the fund is to be devoted to several acts or purposes. If this were not the case, then various acts of the legislature regarding appropriations would be held invalid, especially the annual appropriations made for miscellaneous purposes, because the money therein appropriated is to be used for several distinct and separate purposes.

The order of the district judge will be reversed, and further proceedings will be had in accordance with the views herein stated.

All the Justices concurring.