THE STATE OF KANSAS v. ROBERT GUINEY.

RAILROAD PROPERTY, *Offenses Against*—*Void Statute.* Sections 1 and 2 of chapter 121, Laws of 1871, entitled "An act to prescribe the punishment for certain offenses against railroad property and in railroad cars and buildings," are in contravention of the second clause of § 16 of article 2 of the constitution, and therefore void.

*Appeal from Marion District Court.*

AT March term, 1894, the defendant was tried upon a charge of feloniously breaking and entering a certain freight-car, the property of the Atchison, Topeka & Santa Fe Railroad Company, with the intent then and there to feloniously steal, take and carry away property of the said railroad company, and that, having so entered said car, he did then and there feloniously steal, take and carry away two pairs of

shoes, six hams, one 50-pound can of lard, and one pair of gloves, of the value of $25, and being the property of said railroad company. He was convicted of burglary and larceny as charged in the information. Upon his motion, however, judgment was arrested on said verdict as to the charge of burglary, but he was sentenced to two years' imprisonment in the penitentiary on the verdict of conviction for larceny, and the state appealed from the order arresting judgment on the verdict of conviction for burglary.

*F. B. Dawes,* attorney general, and *C. M. Clark,* county attorney, for The State.

*W. H. Carpenter,* for appellee.

The opinion of the court was delivered by

MARTIN, C. J. : The question in this case is whether the court erred or not in arresting judgment upon the conviction for burglary, and this depends upon the constitutionality of §§ 1 and 2 of chapter 121, Laws of 1871, entitled "An act to prescribe the punishment for certain offenses against railroad property and in railroad-cars and buildings." (¶ ¶ 2196, 2197, Gen. Stat. of 1889.) The defendant claims that these sections are in contravention of both clauses of § 16 of article 2 of the constitution, the latter of which provides that, "No law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed." In *Comm'rs of Sedgwick Co. v. Bailey,* 13 Kas. 600, this court held that the first clause of this section is mandatory, and we see no reason why the second clause should receive a different construction and be treated as merely directory. One purpose of the clause was to discon-

tinue the practice of amendments by striking out and inserting, and another was to call specific attention to the old statute in the enactment of the new, although, when the new is properly enacted with reference to the old, the latter is repealed by the very force of the constitutional provision, without any legislative declaration to that effect. (*Comm'rs of Jefferson Co. v. Hudson*, 20 Kas. 71, 75; *Case v. Bartholow*, 21 id. 301, 308.) The constitutional clause in question was not intended to abolish the doctrine of repeals by implication; (*Comm'rs of Norton Co. v. Shoemaker*, 27 Kas. 78; *The State, ex rel., v. Cross*, 38 id. 700) ; nor to forbid the enactment of supplemental laws ; (*Berry v. K. C. Ft. S. & M. Rld. Co.*, 52 Kas. 759, 768, 769, 770,) and we recognize the rule that before an act of the legislature can be declared unconstitutional, its repugnance to the fundamental law must clearly appear. (*Comm'rs of Cherokee Co. v. The State, ex rel.*, 36 Kas. 337.)

Are §§ 1 and 2 of the act in question intended to be amendatory of §§ 68 and 69 of the crimes act, or are they supplemental thereto, or are they intended to repeal them wholly or in part by implication? If these sections of the act of 1871 had only provided penalties for breaking into any "passenger-coach, baggage-, freight-, or express-car or other railway-carriage . . . with intent to commit therein a felony or misdemeanor," they could be upheld as supplemental legislation, for prior thereto no adequate penalties were denounced against those who committed such depredations. But station-houses, depots, ticket-offices and other railway buildings were already under the protection of §§ 68 and 69 of the crimes act as warehouses and other buildings ; and if these sections, and also §§ 1 and 2 of the act of 1871, are still in force,

then we have two laws on the same subject, and these
inconsistent with each other ; for by the crimes act
the breaking and entering of such structures would be
burglary in the second degree only when committed
in the night time and with intent to steal or to com-
mit any *felony* therein, while by the the act of 1871,
the offence would be of that degree, although com-
mitted in the daytime and with intent to commit
therein a felony or *misdemeanor*.   Under § 69 of the
crimes act, the breaking and entering of such a struc-
ture in the daytime is burglary in the third degree
only.   The punishment for burglary in the second
degree is confinement and hard labor in the peniten-
tiary not less than five nor more than 10 years, while
for burglary in the third degree the term is not less
than one nor more than five years.   Again, under § 2
of the act of 1871, burglary in the third degree con-
sists of a mere attempt to break and enter, while
under § 69 of the crimes act there must be an actual
breaking and entry; besides, § 417 of the crimes
act makes special provision for the punishment of
an attempt to commit a crime.   It is impossible
for a trial judge to instruct a jury correctly
or properly administer the law of burglary in such
cases on the assumption that §§ 68 and 69 of the
crimes act and §§ 1 and 2 of the act of 1871 are in
force.   One or the other must be disregarded.   And
we cannot hold that said §§ 68 and 69 of the crimes
act are wholly or in part repealed by implication, for
they are much broader in their scope than §§ 1 and
2 of the act of 1871.   If we are to accord to the latter
legislation any force or effect, we must treat it as
amendatory, and §§ 68 and 69 of the crimes act as re-
pealed at least in part.   On the whole we think that
legislation like §§ 1 and 2 of said act of 1871 was in-

hibited by the second clause of § 16 of article 2 of the constitution ; that they are inoperative and void ; and that §§ 68 and 69 of the crimes act are not affected thereby.

It is suggested by counsel for the state that the constitutionality of the act of 1871 has stood unchallenged for many years, and that such long acquiescence is a strong argument in favor of its validity, and they cite *Comm'rs of Leavenworth Co. v. Higginbotham,* 17 Kas. 62, 74 ; *Philpin v. McCarty,* 24 id. 393, 405, and *The State, ex rel., v. Cross,* 38 id. 696, 700. But in all those cases important rights and property interests had accrued under the several acts in question, and a decision adverse to their validity would disturb these rights and interests, and this was a consideration not lightly to be esteemed ; but it has no application here.

Entertaining these views, we hold that the district court did not err in arresting judgment on the conviction for burglary. Judgment affirmed.

All the Justices concurring.