No. 19,943.

L. M. HICKS, *Plaintiff,* v. W. E. DAVIS, as State Auditor, etc., *Defendant.*

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

STATUTE—*Amendments—Constitutional Provisions.* Section 16 of article 2 of the constitution which reads "No law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed," is mandatory and invalidates all acts in contravention of its terms.

Original proceeding in mandamus. Opinion denying a rehearing filed April 8, 1916. (For original opinion allowing writ see *ante,* p. 312, 154 Pac. 1030.)

*W. A. Snook,* of Kansas City, for the plaintiff.

*S. M. Brewster,* attorney-general, and *John L. Hunt,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: In a petition for a rehearing, the defendant contends that the act of 1915 (Laws 1915, ch. 14) which attempted to repeal the item appropriated for plaintiff in the act of 1913 (Laws 1913, ch. 61, item 106) was held invalid by the court on grounds argued by neither party. (*Hicks v. Davis,* ante, p. 312, 317, 318, syl, ¶¶ 5, 6, 154 Pac. 1030.) This is true. Does this necessitate a rehearing? Can there be any doubt of the soundness of the proposition covered by paragraphs 5 and 6 of the syllabus and the corresponding portion of the opinion?

We have no doubt that for fifty years the operative interpretation of section 16 of article 2 of the constitution has been as given in our first opinion. Witness the act on the subject of legislative apportionment (Gen. Stat. 1868, ch. 4) and later reënactments down to chapter 3 of the General Statutes of 1909 (§§ 321-334), where the numbered subsections are usually repeated verbatim. Note also the act authorizing the creation of corporations. (Gen. Stat. 1868, ch. 23, § 5.) How many

times has that long section with numbered subsections been entirely rewritten by the Kansas legislature for the sole purpose of adding or taking out a single subsection or part thereof? See, also, chapter 91 of the Laws of 1897, relating to limitations, where the section with numbered subsections was entirely rewritten for the sole purpose of adding one additional numbered subsection. These illustrations could be multiplied indefinitely.

It would have been easy for the legislature in these apportionment acts, in the act relative to corporations, in the act relating to limitations, and in all similar statutes, to have made sections of each of the numbered subsections. It did not choose to do so. The rhetorical arrangement is within the province of the legislature. So, too, in the act of 1913 (ch. 61) each of the numbered items appropriating money for various purposes might have been rhetorically arranged in separate sections of the act instead of being incorporated as subparagraphs of one section. It is purely a matter of literary diction. But it must be dealt with as written:

"No law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed." (Const., art. 2, § 16.)

Instances are cited where this rigid rule in other states with constitutions not unlike our own has been softened away by sophistical refinements which we are not disposed to adopt and which we think would be mischievous to follow.

But we do not need to go abroad for a precedent. In 1897 a compiler of the General Statutes of this state arbitrarily divided a long section of the prohibitory act into two convenient paragraphs and published them as such. The legislature afterwards amended one of the paragraphs arranged by this compiler. The amendment was one of much importance. On this subject the court said:

"In the parliamentary practice of England, the United States, and all other countries where the science of legislation has been cultivated and developed, it is customary to divide legislative enactments into sections. (*Town of Martinsville v. Frieze*, 33 Ind. 507, 509.) By the constitution of this state the section is made the indivisible unit of the legislative fabric. To insure the diligent attention of the legislative mind, the reading of a bill by sections at the time of final passage in no case can be dispensed with. (Const., art. 2, § 15.) To prevent members of the leg-

islature from practicing deception by the enactment of blind and confusing amendments, to prevent them from misleading themselves and the public as to changes in the law, and to remove the difficulties and uncertainties accompanying extended examinations and comparisons of various acts to ascertain the true state of the statute law upon any subject (*The People v. Mahoney,* 13 Mich. 481), the constitutional provision quoted above was adopted by the people, making it necessary to embody in every amendatory act the entire section or sections amended and providing that the section or sections amended shall be repealed. This constitutional requirement is mandatory and invalidates all acts in contravention of its terms. (*The State v. Guiney,* 55 Kan. 532, 40 Pac. 926; *In re Ashby,* 60 Kan. 101, 55 Pac. 336; 26 A. & E. Encycl. of L. 709.)" (*The State v. Carter,* 74 Kan. 156, 162, 86 Pac. 138.)

In the Indiana case, cited in *The State v. Carter,* supra, the syllabus reads:

"Under section 21 of article 4 of the constitution of Indiana, a section of a statute can not be amended without setting forth and publishing at full length the *whole* section as amended, however long it may be, or into however many clauses it may be divided." (*Town of Martinsville v. Frieze,* 33 Ind. 507.)

In the opinion it was said:

"It has been the custom, in modern times, in England, and the United States, and probably all other countries where the science of legislation has made any considerable progress, to divide legislative enactments into sections; and this was undoubtedly had in view when the constitution was adopted. The framers of that instrument intended that upon the amendment of a statute, nothing less than the whole section as amended should be set forth, having in view the custom of thus dividing statutes into sections. Were it to be held that because a section happened to be divided into different clauses, the requirements of the constitution might be dispensed with, and a *clause* substituted for a *section* in setting forth the amendment, the door would be opened to other evasions of the constitutional requirement." (p. 509.)

In *Lehman v. McBride,* 15 Ohio St. 573, it was said:

"As we understand this clause of the constitution, it requires, in the case of an amendment of a section or sections of a prior statute, that the new act shall contain, not the section or sections which it proposes to amend, but the section or sections in full, *as it purports to amend them.* That is, it requires, not a recital of the *old section,* but a full statement, in terms, of the *new one.*" (p. 602.)

In *Tuskaloosa Bridge Co. v. Olmstead,* 41 Ala. 9, the syllabus reads:

"The constitutional provision contained in the second section of the fourth article, declaring that 'no law, nor any section of any law, shall

Brown v. Modern Woodmen.

be revised or amended by reference only to its title and number, but the law or section revised or amended shall itself be set forth at full length,' not only prescribes a rule of legislative procedure, but renders null and void any law which does not conform to its requirements." (Syl. ¶ 1.)

The petition for a rehearing is denied.