No. 23,846.

A. T. DECKER et al., *Appellants,* v. THE CITY OF WICHITA et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. LICENSE TAX—*Motor Busses—Jitneys—Municipal Control of Public Streets—Valid City Ordinance.* Following *Desser v. City of Wichita,* 96 Kan. 820, it is held:

(First) That a city ordinance regulating street traffic which excludes those operating motor vehicles carrying passengers for hire from soliciting or receiving passengers within a certain zone of the city where there is street-car service, is not an unlawful discrimination, nor so arbitrary and unreasonable as to be invalid.

(Second) Such legislation is enacted for the public welfare, and not merely to benefit a particular common carrier, and the fact that the measure may result in great benefit to one carrier and great loss to another of a different class, will not necessarily destroy the validity of the ordinance.

(Third) Whether the public welfare would be best subserved by extending traffic privileges to a street railway company and by withholding them from those operating motor vehicles within a certain zone of the city, is a legislative question, and the court may not substitute its judgment, as to what the public good requires, for that of the city commission intrusted by law with the discretion and power to determine the question.

2. SAME—*City Ordinance Properly Amended.* Upon an examination of the amendatory ordinance which set forth the complete section as amended, it is held that it is not invalid because it did not set out other sections of the ordinance which were not amended.

3. SAME—*City Ordinance—Only One Subject in Title.* The ordinance is held to cover but a single subject, which is sufficiently expressed in its title.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed November 12, 1921. Affirmed.

*Dempster O. Potts, John W. Adams, R. G. Bennett,* and *William J. Wertz,* all of Wichita, for the appellants.

*Robert C. Foulston, George Siefkin, Kos Harris, V. Harris;* all of Wichita, *Sidney A. Moss,* of Lawrence, and *Thomas F. Doran,* of Topeka, for the appellees; *Earle W. Evans,* of Wichita, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs who owned and operated motor busses or jitneys in Wichita brought this proceeding against the officers of the city to enjoin them from enforcing a city ordinance which provides for licensing and regulating motor vehicles carrying passengers for fares. A restraining order was issued when the action was begun, but upon an application for a temporary injunction the court sustained a demurrer to plaintiffs' petition and denied their application.

The ordinance in question is an amendment of the one which was under consideration in *Desser v. City of Wichita,* 96 Kan. 820, 153 Pac. 1194. The amendment made a substantial reduction in license fees taxed against those operating motor vehicles, and it is provided that those operating the motor vehicles for hire shall not solicit or receive passengers on certain paved streets of the city, which it appears are the streets on which street railroads are operated, and those over which the principal traffic of the city is carried on. It provides that all streets other than those within the restricted zone whether paved or not might be traversed at will by the licensees.

The contention of plaintiffs is that the exclusion of motor vehicles from the streets of a particular section of the city is an invasion of their rights and deprives them of their property and the use of it, in violation of the constitution. It is further insisted that the regulation excluding plaintiffs from soliciting or receiving passengers in and near the business center of the city and upon the streets over which the street railroad was operating is so unreasonable as to be invalid.

Apart from an objection as to the title of the ordinance, and the manner in which it was passed, the points made and considered as to the validity of the ordinance are substantially the same as were presented and considered in *Desser v. City of Wichita,* supra. It was contended there as here that the regulation practically drove plaintiffs from the streets of the restricted zone and gave a monopoly of the business to the street-car company, and was manifestly passed for the benefit of that company. It was there held that it was competent for the city to regulate the use of the streets and adopt any measures

necessary to the protection of the traveling public, and to that end it might extend privileges to those using one means of transportation and exclude those employing other means. This distinction is not made merely to benefit one utility and exclude the other, but as the opinion in the Desser case shows, it is permitted only on the theory that it will benefit the public. The fact that a measure passed for the public welfare may incidentally benefit the street-railway company does not affect the validity of the measure. If continuous and adequate transportation in the city can best be secured by extending privileges to one utility and restricting the service of another, the granting to one and withholding from the other cannot be regarded as an unlawful discrimination. On this question it has been said:

"The right of a citizen to travel upon the highway and transport his property thereon, in the ordinary course of life and business, differs radically and obviously from that of one who makes the highway his place of business and uses it for private gain, in the running of a stage coach or omnibus. The former is the usual and ordinary right of a citizen, a common right, a right common to all, while the latter is special, unusual and extraordinary. As to the former, the extent of legislative power is that of regulation; but, as to the latter, its power is broader, the right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature. This distinction, elementary and fundamental in character, is recognized by all the authorities." (*Ex Parte M. T. Dickey*, 76 W. Va. 576, 579.)

In *Greene v. City of San Antonio*, (Tex. Civ. App.) 178 S. W. 6, the court in considering a jitney ordinance remarked:

"No man has the right to use a street for the prosecution of his private business, and his use for that purpose may be prohibited or regulated as the state or municipality may deem best for the public good." (p. 7.)

(See, also, *Thielke v. Albee*, 76 Ore. 449; *Cummins v. Jones*, 79 Ore. 276; *Gill v. City of Dallas*, [Tex. Civ. App.] 209 S. W. 209.)

It is argued that it stifles competition, but competition between utilities serving an urban community may be impractical and injurious to the public. If the maintenance of two systems of transportation, where one is sufficient to accommodate the public, makes the operation of both unprofitable with the result that they could not provide proper equipment or furnish adequate service to the public, and both were heading

towards bankruptcy, there would be good reasons for the city to select the one best able to furnish adequate service and give it an exclusive privilege. In such cases regulation is deemed to serve a better purpose than competition. (*Schaake v. Dolley,* 85 Kan. 598, 118 Pac. 80.) It was also held in the Desser case that whether the public welfare would be best subserved by extending privileges to the street railway company and withholding them from those operating jitneys, was a legislative and not a judicial question. It belonged to the city commission to determine the course which would best subserve the public interest, promote the convenience, safety and welfare of the traveling public, and would assure continued and adequate service. Interference by the court with the determination is not permissible even if it should think that the decision had not been wisely made. That would be an exercise of a legislative function and the substitution of the court's opinion for the discretion and judgment of the tribunal vested with such discretion and power. (*City of Emporia v. Railway Co.,* 88 Kan. 611, 129 Pac. 161.)

The decision in the Desser case is controlling and it is deemed unnecessary to repeat the arguments therein or to refer to the numerous authorities there cited. In the decision of this case the trial court took the opinion in that case as a guide, and its application was well stated by the learned judge. Among other things he said:

"But the court's work in deciding the question has been easy, for the reason that the principles on which the decision must rest have already been laid down by our own supreme court, as well as many other courts of last resort."

After quoting at some length portions of the opinion in the Desser case the court proceeded:

"Further quotations might be added but the above are sufficient from which to deduce the principle of the case. Matters of municipal transportation are matters of public interest and the rights of an individual in conducting such business are subservient to that public interest. The right to determine what will best serve the public interest rests with the legislative branch of the municipal government and it is primarily the judge of what will best serve that interest subject only to that fundamental test which rests at the very foundation of all our law, the test of reasonableness. That competition between public utilities performing the same service even though in a different manner is not necessarily 'the life of trade' as laid down in the ancient maxim but may result in the

impairment or total destruction of transportation. That the maintenance of the street-car lines is necessary for the public interest and that the curtailment of destructive competition may be necessary to preserve that service. That the legislative branch of the municipal government acting honestly in deciding that question (and no fraud or bad faith is charged in this case) is the judge of the means and the courts will not interfere if the means adopted are reasonably calculated to promote that end and do not violate the fundamental law. These are some of the principles that may be deduced from the holding and language of the Desser case and they are controlling here."

It is argued that the provisions of the ordinance are more than regulatory and are in fact prohibitory in their character. It may be said that all regulation has prohibitive features, and for the convenience and protection of the public, restrictions of that kind may be imposed, and such restrictions are not inaptly termed regulations. It will be observed, however, that under the ordinance the plaintiffs were at liberty to operate in certain sections of the city under regulations which forbade them to select or receive passengers in the central and crowded sections of the city where the lines of the street railroad are laid. In the judgment of the determining authority, the continuance of efficient transportation in the city and the convenience and welfare of the traveling public required such limitations, and it cannot be said that the commission acted unreasonably or that it transcended its authority in the enactment of the ordinance. It may be, as suggested, that the trend of the times indicates that the days of transportation by street cars over fixed tracks in the streets of cities are numbered, and that the system will soon be supplanted by the more mobile one of carrying passengers in motor vehicles. Each system has its advantages; but the power and discretion of determining whether one would be more advantageous to the public than the other, or whether the public interest warrants the employment of both kinds of service, each functioning in different districts of the city, belong in the legislative field into which the court may not enter.

There is a contention that the ordinance is defective in that it does not set out the entire ordinance which was amended. It does set forth the complete section of the ordinance as amended and specifically repealed the old section. This was sufficient. (Gen. Stat. 1915, § 1662; *Reynolds v. Board of Edu-*

*cation,* 66 Kan. 672, 72 Pac. 274; *Hicks v. Davis,* 97 Kan. 662, 156 Pac. 774.)

It is also contended that the title is defective in that it contains more than one subject, and that the subject of the ordinance is not clearly expressed in it. The title of the amendatory ordinance recites that it is an amendment of section four of the original ordinance, which of itself is sufficient, but it goes further·and sets out the title of the ordinance amended. In doing so a slight verbal inaccuracy occurred in the quotation, but the title clearly indicates the subject of legislation and accomplishes the purposes for which titles to legislative acts are required. The title of the original ordinance to which the amended one refers is:

"An ordinance regulating the use of the streets of the city of Wichita by motor vehicles carrying passengers on the streets of the city of Wichita for hire, licensing same and prescribing penalties for its violation."

It will be observed that all of the provisions named in the original ordinance are closely related and form a single and comprehensive subject, and as we have seen the prohibitive features of the ordinance are not so dissimilar and discordant as to constitute two distinct subjects. Within the liberal rule employed in interpreting titles the prohibitory provisions come fairly within the ·term regulation.

Finding no error in the record, the judgment of the district court is affirmed.