VILLAGE OF NORTH ADAMS *v.* WERTZ.

1. HIGHWAYS AND STREETS—DEDICATION BY USER—MUNICIPAL COR-
   PORATIONS.
   A village street used openly, exclusively, and continuously
   as such by the public for more than 40 years is a public
   street, of which the village has control under 1 Comp.
   Laws 1915, § 2646, where the intention to dedicate is shown
   positively, although the record title is in defendant, ad-
   joining property owner, and there is of record no deed
   or formal dedication to the village or the public.

2. SAME—PRESCRIPTIVE RIGHTS AGAINST VILLAGE.
   That for much of the time the street was used as such
   defendant had chairs upon the sidewalk for the conven-
   ience of his guests would afford no ground for claiming
   prescriptive rights as against the village.

3. SAME—CONTROL OF STREETS—FILLING STATION—INJUNCTION.
   Since the village has the control of its streets (1 Comp.
   Laws 1915, §§ 2646, 2650), and therefore the right to pro-
   hibit the installing of gasoline filling stations therein, de-
   fendant was properly enjoined from installing a filling
   station in the main street adjoining his property without
   permission of the village.

Appeal from Hillsdale, Chester (Guy M.), J.   Sub-
mitted February 2, 1922.   (Docket No. 30.)   Decided
June 5, 1922.

Bill by the village of North Adams against Clyde S.
Wertz to enjoin the installation of a gasoline filling
station.   From a decree for plaintiff, defendant ap-
peals.   Affirmed.

*Frankhauser & Cornell* (*F. H. Stone* and *F. D.
Stone*, of counsel), for plaintiff.

*W. D. Grommon* and *Merton Fitzpatrick,* for de-
fendant.

CLARK, J.  Plaintiff village had the plan of not permitting gasoline filling stations in its main street, preferring to have all parking space along the street for the convenience of farmers trading at the stores, and of people generally.  Defendant proposed to tear up the sidewalk to install a tank and pump and to have the station and conduct the business in and upon the said street and sidewalk in front of his store.  The sidewalk there is upon land of which defendant owns the fee, there being of record no deed or formal dedication to the village or the public.  It meets the street proper in a curb upon the street line, and it has been used openly, exclusively and continuously as such by the public for upwards of 40 years, though for much of this time, defendant's building being then used as a hotel, chairs were kept on the sidewalk at seasonable times for use by guests.  A board walk was replaced by a cement walk paid for in part by the village and in part by the abutter.  Plaintiff refused defendant's proposal.  He began installing, was enjoined, and has appealed.

Clearly the sidewalk was a public one by user and of which the village had control.  Section 2646, 1 Comp. Laws 1915; *Village of Manchester* v. *Clarkson*, 195 Mich. 354, and cases there cited.  The intention to dedicate is shown positively.  *Vance* v. *Village of Pewamo*, 161 Mich. 528.  The having of the chairs upon the sidewalk would afford no ground for claiming prescriptive rights as against the village.  *Pastorino* v. *City of Detroit*, 182 Mich. 5 (Ann. Cas. 1916D, 768) ; *Weber* v. *City of Detroit*, 159 Mich. 14 (36 L. R. A. [N. S.] 1056), and is of no weight as against the clear and unequivocal evidence of dedication.  *Campau* v. *City of Detroit*, 104 Mich. 560, and cases there cited.  And there has been full and complete acceptance by the village.  18 C. J. p. 90; 11 L. R. A. 55; *Vance* v. *Village of Pewamo, supra*.

In conformity to its plan the village had the right to refuse and to prohibit the installing of the filling station and the conducting of the business in and upon such public street of which the sidewalk is a part. Sections 2646 and 2650, 1 Comp. Laws 1915; and see *Melconian* v. *City of Grand Rapids, ante,* 397.

We need not determine the interesting question of the right of defendant to permanent use of the sub-surface.   See 7 A. L. R. 646.

The decree is affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.