No. 25,133.

C. D. SLOCUM, *Appellant,* v. THE CITY OF WICHITA, *Appellee.*

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 11, 1923. Affirmed.

*John Madden, John Madden, jr.,* and *J. T. Rogers,* all of Wichita, for the appellant.

*Robert C. Foulston,* and *George Siefkin,* both of Wichita, for the appellee.

*Per curiam:* Wichita has an ordinance prohibiting the maintenance of gasoline pumps (or other contrivances for the distribution of gasoline) on the curb of a street or alley. The plaintiff brought this action to enjoin its enforcement on the ground that the city had no power to enact it. He appeals from the denial of his application for a temporary injunction. Cities of the first class have general authority "To make all needful police regulations necessary for the preservation of good order and the peace of the city, and to prevent injury to or the destruction of or interference with public or private property" (Gen. Stat. 1915, § 1508) and specific authority to "prohibit awnings, awning-posts, and all other structures or projections projecting upon, over or adjoining the street or sidewalk." (Gen. Stat. 1915, § 1525.) The question as to what obstructions are to be permitted on the streets is for the determination of the city commissioners, the matter being one in which they must necessarily exercise a wide discretion. Of course a par-

State Bank v. Shellabarger.

ticular regulation might be so arbitrary or unreasonable as to be held invalid by a court, but the present case does not appear to us to trench upon even doubtful ground. The plaintiff suggests that the ordinance is unreasonable because it forbids the maintenance of a gasoline pump on a little-used street as completely and absolutely as though it were at a crowded business corner. The problem of regulating street obstructions is a practical one, to be solved by the city commission and not by the courts. This case is within the principles discussed and applied in *Desser v. City of Wichita,* 96 Kan. 820, 153 Pac. 1194, and *Decker v. City of Wichita,* 109 Kan. 796, 202 Pac. 89.

The judgment is affirmed.