### UNITED STATES v. SEIBERT.

(District Court, N. D. West Virginia. October 21, 1924.)

1. **Intoxicating liquors** ⬅146(2)—**Under National Prohibition Act, injunctive remedy against person traveling to solicit orders held exclusive.**

National Prohibition Act, tit. 2, § 23 (Comp. St. Ann. Supp. 1923, § 10138½l), making traveling to solicit orders for liquor a nuisance, without making act misdemeanor or fixing penalty, was not intended to make act crime, but remedy by injunction provided therein is exclusive, in view of different language of section 21 (Comp. St. Ann. Supp. 1923, §§ 10138½jj), and penalty provided by section 29 (Comp. St. Ann. Supp. 1923, § 10138½p), cannot be applied.

2. **Criminal law** ⬅13—**Act not criminal unless statute so denominates it or unless punishment is prescribed.**

No legislative enactment makes act an offense, crime, or misdemeanor, unless statute so denominates it, or unless punishment therefor is expressly prescribed.

**3. Criminal law ⬤⟹13, 1208(2)—Courts may fix punishment for act designated misdemeanor by statute.**

If Legislature denounces act as misdemeanor, but fixes no punishment, court may fix punishment within limit of punishment for misdemeanor, and act forbidden by Legislature under pain of penalty is criminal.

**4. Injunction ⬤⟹102—Equity does not inherently enjoin misdemeanors, presumption being citizen is not criminal.**

Equity does not inherently enjoin commission of misdemeanors; presumption that citizen is not criminal being preserved by chancellor.

Garnet Seibert was charged with having committed a nuisance. On accused's demurrer and motion to quash information. Demurrer and motion sustained.

T. A. Brown, U. S. Atty., T. M. McIntire, Sp. Asst. U. S. Atty., and Russell L. Furbee, Asst. U. S. Atty., all of Parkersburg, W. Va.

Charles N. Campbell, of Martinsburg, W. Va., for defendant.

BAKER, District Judge. An information is filed charging the defendant in two counts as follows:

"That during a certain period of time, to wit, from the 17th day of September, 1921, to the 16th day of September, 1924, in the city of Martinsburg, * * * one Garnet Seibert, with intent to effect a sale, by and for himself, to divers persons to the United States attorney unknown, of moonshine liquor and other intoxicating liquor containing more than one-half of one per centum of alcohol by volume and fit for beverage purposes, did keep and carry around on his person certain moonshine liquor and other intoxicating liquor aforesaid, with the intent to effect a sale thereof as aforesaid.

"And * * * that the said Garnet Seibert at the times and places aforesaid, in the manner and form aforesaid, did unlawfully, knowingly, and willfully commit a nuisance in violation of section 23 of title II of the National Prohibition Act, and against the peace and dignity of the United States of America."

The second count charges that the defendant, with intent to effect sales of liquor, "did travel to solicit, and did solicit, take, and accept, orders for the sale, shipment, and delivery of moonshine liquor and other intoxicating liquor containing more than 1 per centum of alcohol by volume and fit for use for beverage purposes, in violation of," etc.

"And * * * that the said Garnet Seibert at the times and places aforesaid, in the manner and form aforesaid, did unlaw-

2 F.(2d.)—6

fully commit a common nuisance in violation of section 23 of title II of the National Prohibition Act, and against the peace and dignity of the United States of America."

The defendant files a demurrer and motion to quash, and relies upon four main grounds as follows:

"(1) The contrast between the language of section 21 and section 23 indicates that Congress did not intend to punish a so-called 'walking nuisance' by a fine or imprisonment, but provided only that he might be enjoined from his unlawful acts.

"(2) No specific act is enumerated in section 23 that is not made a crime by some other section of the act; therefore, if the construction contended for by the government be placed on section 23, the same acts are made criminal by two or more portions of the act, and possibly different punishments are prescribed, depending upon whether the punishment sought to be attached to these acts is contained in section 21 or section 29.

"(3) The remedy by injunction is exclusive and not cumulative.

"(4) The language of section 23 does not make the acts therein specified criminal, and no act can be a crime unless (a) so denominated, or unless (b) punishment is prescribed therefor.

[1] Section 23, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½l) is as follows:

"Any person who shall, with intent to effect a sale of liquor, by himself, his employee, servant, or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or other conveyance whatever, or leave in a place for another to secure, any liquor, or who shall travel to solicit, or solicit, or take, or accept orders for the sale, shipment, or delivery of liquor in violation of this title is guilty of a nuisance and may be restrained by injunction, temporary and permanent, from doing or continuing to do any of said acts or things."

Section 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), after defining all places where intoxicating liquor is manufactured, etc., to be a "common nuisance," provides for proceedings in equity by way of injunction, and further provides:

"And any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not more than one year, or both."

The language of section 23, however, is that "any person * * * is guilty of a nuisance and may be restrained by injunction. * * *"

Had Congress intended a violation of section 23 to be punished as a crime, would it not have used the same or similar language used in section 21, or at least appropriate language for the purpose? May it not be inferred that when it used the words "common nuisance" in connection with the term "misdemeanor" in section 21, and the word "nuisance" in section 23, a distinction was intended?

All the particular acts specified in section 23 are expressly forbidden elsewhere in the act and specific penalties prescribed, except possibly to "travel to solicit." To keep liquor is possession, forbidden by section 3 (Comp. St. Ann. Supp. 1923, § 10138½aa); to carry on the person is transportation, forbidden by section 3; to leave in a place for another to secure is both possession and sale, forbidden by section 3; to solicit orders is forbidden by section 19 (Comp. St. Ann. Supp. 1923, § 10138½ii). Congress hardly intended to denounce as a crime the act of traveling to solicit orders for liquor. Unless actual solicitation is made, no offense is committed; and, if such solicitation is made, it is punishable under section 19.

If the term "nuisance," as used in section 23, is synonymous with "common nuisance" in connection with the term "misdemeanor," as used in section 21, as the learned district attorney contends, then Congress provided the punishment prescribed in section 21 for the acts specified in section 23. Therefore we have it that one who solicits may be punished under sections 19 and 29 by a fine of not more than $500, or, as prescribed by sections 23 and 21, by a fine of not more than $1,000, or imprisonment for not more than one year, or both.

The learned attorney for the United States then contends that the punishment prescribed by section 29 (Comp. St. Ann. Supp. 1923, § 10138½p) would apply. That section provides:

"Any person * · * who * * * violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined. * * *"

If the section provides a penalty for a violation of every provision of the title not otherwise specially provided for, a commissioner under section 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), discovering a person in the act of transporting liquor, and failing to seize the liquor, would be guilty of a violation of a provision of the title and subject to a fine. Section 29 provides the penalties for certain offenses denounced by the title.

[2, 3] No legislative enactment makes an act an offense, a crime, a misdemeanor, unless the statute so denominates it, or unless punishment for the act is expressly prescribed. If the Legislature denounces a certain act as a misdemeanor, but fixes no punishment, the court may fix the punishment within the limit of punishment for a misdemeanor; or, if the Legislature forbids an act under pain of a certain penalty, then such an act is criminal. Section 23 neither calls the specific acts therein set out a crime, nor fixes any punishment for their commission.

The court has reached the conclusion that section 21 defines a common nuisance (in prohibition parlance), denominates its maintenance a misdemeanor, and fixes the penalty for the misdemeanor. It goes further, and expressly confers jurisdiction in equity for injunctive proceedings. Section 23 specifies certain acts which, done with the intent to effect a sale of liquor, are defined as constituting a nuisance. It does not denominate it a misdemeanor, nor does it fix a penalty. It does, however, confer jurisdiction in equity for injunctive proceedings against the commission of the acts specified with the intent to effect a sale.

[4] Equity does not inherently enjoin the commission of misdemeanors; the wholesome presumption that the citizen is not a criminal is preserved by the chancellor. Hence the intention of Congress in enacting section 23 of title 2, it may be inferred, was to confer equity jurisdiction by way of injunction rather than to denounce as a misdemeanor the acts that are elsewhere so denounced in the Prohibition Act.

The demurrer and motion to quash may be sustained.