No. 31,029.

The City of Coffeyville, *Appellant*, v. S. G. Vakas, *Appellee*.

(22 P. 2d 428.)

Opinion filed June 10, 1933.

*Walter S. Kieth,* city attorney, for the appellant.

*Charles D. Welch* and *Dallas W. Knapp,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

Thiele, J.: The defendant was arrested and tried in the police

court for an alleged violation of an ordinance of the city of Coffeyville regulating pawnbrokers and dealers in secondhand goods.

The city had enacted its ordinance No. 756 regulating pawnbrokers. The first section of the ordinance defined the term "pawnbroker," the second section fixed a license fee, the third section prescribed regulations for the conduct of business by pawnbrokers, the fourth and fifth sections are not important here, and the sixth section, fixing penalties for violations, reads as follows:

"Any pawnbroker who shall violate, fail, neglect or refuse to comply with any provision, regulation or requirement of this ordinance, shall upon conviction, in the police court, be fined not less than one hundred dollars, nor more than five hundred dollars, and each violation shall constitute a separate offense."

Later ordinances No. 1725 and No. 2011 were enacted. Both of these ordinances amended section 3 of ordinance No. 756 so that dealers in secondhand goods were included within the regulations, which were somewhat expanded and enlarged. No effort was made to amend section 6 of ordinance No. 756 in any particular.

The defendant was arrested and tried on a complaint which charged him as a dealer in secondhand goods with having failed to comply with the requirements of ordinances Nos. 756, 1725 and 2011. He was convicted in the police court and appealed to the district court, where he was tried by a jury. After the jury was impaneled and some evidence had been introduced, the defendant objected to the introduction of further evidence for the following reasons: (1) that the complaint charged no offense under the ordinances named in the complaint; (2) that the ordinances failed to provide any penalty for violation, and (3) that in so far as defendant is concerned, the ordinances are unconstitutional and void. The trial court sustained the objections and dismissed the complaint.

No question is raised as to the city's right to appeal (R. S. 13-613).

While there is considerable argument in the briefs with reference to the titles to the original and amendatory ordinances and the sufficiency thereof, it is not necessary to discuss the questions raised. There is no contention that a penalty is prescribed for violation in so far as secondhand dealers are concerned, further than that the city argues it is fair and reasonable to "insinuate" into the penal provisions of the ordinance the secondhand dealer as well as the pawnbroker.

It was held in *City of Wichita v. Wolkow,* 110 Kan. 127, 202 Pac.

632, that the city has authority to legislate concerning regulation of the business of pawnbrokers and dealers in secondhand articles, and the city argues that because it was so held, under liberal rules of interpretation a secondhand dealer can be punished under the ordinances in question here. The city further argues that the titles to the amending ordinances included secondhand dealers, and that the amendments are sufficient under *Decker v. City of Wichita,* 109 Kan. 796, 202 Pac. 89; *Hicks v. Davis,* 97 Kan. 662, 156 Pac. 774, and *Reynolds v. Board of Education,* 66 Kan. 672, 72 Pac. 274. The difficulty is not in the sufficiency of the amendments, but in the fact that the penalty provision, which applies solely to pawnbrokers, was not amended to include secondhand dealers. Our attention is directed to R. S. 21-112 and 21-113 fixing penalties for misdemeanors under conditions therein mentioned, but these sections refer to the criminal laws of the state and not to violations of city ordinances. As heretofore stated, the city was authorized to pass an ordinance regulating pawnbrokers and secondhand dealers under R. S. 13-423, and to fix a penalty for violation under R. S. 13-424, but there is no provision for penalty otherwise.

In this state we have no common-law crimes or offenses, but only such as are created by legislative provision—by statute or ordinance—and a court is powerless to impose a penalty unless the penalty has been denounced by statute or ordinance, and when a penalty is imposed it must be by virtue and under authority of such statute or ordinance, and if the statute or ordinance simply specifies what shall constitute an offense without fixing a penalty for violation, it is a nullity in so far as criminal or quasi-criminal proceedings under it are concerned. In 16 C. J. 68 the necessity of prescribing a penalty is thus stated:

"It has been held in some of the cases that where an act is a crime solely by statute, and no penalty is prescribed in the statute, an indictment will be quashed, or a judgment arrested; or in other words, that a description, definition and denouncement of acts necessary to constitute a crime do not make the commission of such act or acts a crime unless a punishment is annexed, for punishment is as necessary to constitute a crime as its exact definition."

And in discussing punishment or penalty in a city ordinance as essential to its validity, it is said in 43 C. J. 253:

"Under the general rule that in order to warrant a sentence upon conviction for the violation of a statute the statute must prescribe the punishment, any ordinance or by-law must prescribe the punishment for its violation in order

to warrant conviction and sentence therefor. And it has been held that a police ordinance, likewise all amendments thereto, providing no penalty for its violation, is void."

In *United States v. Seibert*, 2 F. 2d 80, the second paragraph of the syllabus recites:

"No legislative enactment makes act an offense, crime, or misdemeanor, unless statute so denominates it, or unless punishment therefor is expressly prescribed."

It must be held that the ordinances in question prescribed no penalty for violation by persons charged as secondhand dealers, and so far as secondhand dealers are concerned are void.

The judgment of the trial court discharging the defendant was correct and is affirmed.