HERRINGTON et al. v. CITY OF PRYOR.

No. 29700. Jan. 28, 1941.

Rehearing Denied March 4, 1941.

*110 P. 2d 906.*

Harve N. Langley, of Pryor, for plaintiffs in error.

Ernest R. Brown, of Pryor, for defendant in error.

PER CURIAM. On June 27, 1937, the city of Pryor, a municipal corporation, commenced this action to enjoin the defendants from operating certain gasoline pumps in the parkway or parking in front of their place of business on the main street in the city of Pryor, Okla. The case was tried upon an agreed stipulation of facts, and after entering into said stipulation it is stated therein

that the allegations of the petition and the answer shall be considered as evidence except where they are in conflict with the stipulation of facts.

At the conclusion of the trial to the court on the 15th day of June, 1939, judgment was rendered for the plaintiff and against the defendants enjoining the defendants from the use of the said parkway or curbing, and a mandatory clause was inserted in said judgment commanding them to desist from the use of the said gasoline pumps placed in the parkway.

The defendants were the owners and operators of a tourist camp and filling station in the city of Pryor. They occupied "inside lots" on parts of blocks 19 and 20 on Main street. For the purpose of serving their customers with gasoline they had installed gasoline pumps in the curbing or parkway between the sidewalk and the street proper. On the 1st day of February, 1937, the plaintiff issued an instrument which the defendants refer to as a permit, which is as follows:

"Application for Permit.

"To the Honorable Mayor and City Council of the City of Pryor:

"I hereby make application to erect on the parking fronting the lots below described, in the City of Pryor, the following improvements:

"A three unit gasoline pumps, based on a concrete island or concrete base, which is 2½ feet wide, and about one foot high; the said island or concrete base to be 4½ feet north of the curbing; the said island or concrete base to be 12 feet south of the south edge of the sidewalk; said pumps to be located in the center of the Herrington Auto Court property, facing Main Street. Said pumps to be used for purpose of retailing gasoline and oil to the public. The property is described according to the United States Government Survey, situated in Pryor, Mayes County, Oklahoma, to wit: W. 15 feet of Lot 14; all of lot 15; E. 10 feet of lot 16 block 20.

"V. D. Herrington
"By H. N. Langley, His attorney.

"The foregoing application approved by action of the City Council on February 1, 1937.

"C. L. Samuel, Mayor

"(seal)

"Attest:
"Wm. P. Shetley, Clerk."

Although the plaintiff alleges that this permit is illegal and void, it is not stipulated nor is it alleged that the permit was ever canceled. The defendants in their answer allege that the permit was never canceled. The answer further alleges that by long consent to the use of the pumps in the parkway the plaintiff city has abandoned or waived its right to object to such user.

We are of the opinion, and hold, that the court erred in entering the injunction against the defendants. It is the general, if not the universal, rule that a municipality has the right to control by proper action the use of its streets, alleyways, sidewalks, and parkings. This right includes the right to regulate and even prohibit the use of parkways or parking for placing gasoline pumps thereon. Sanders v. Blythesville (Ark.) 262 S. W. 25. This court has recognized this right to regulate streets, alleys, and parkings in the following cases: Hover v. Oklahoma City, 133 Okla. 71, 271 P. 162; Palace Garage v. Oklahoma City, 131 Okla. 122, 268 P. 240; Wood v. City of Chickasha, 125 Okla. 212, 257 P. 286. In at least two of these cases, Hover v. Oklahoma City, supra, and Palace Garage v. Oklahoma City, supra, the regulation of sidewalks and curbings was involved. In Palace Garage v. Oklahoma City, supra, the court cited with approval Slocum v. City of Wichita, 114 Kan. 260, 217 P. 297; Village of North Adams v. Wertz, 218 Mich. 507, 188 N. W. 527; Sanders v. City of Blythesville, supra. Two of these cases deal with the prohibition of curb or parking pumps.

The principle announced has been well stated in Hanbury v. Woodward Lumber Co. (Ga.) 26 S. E. 477, wherein it is stated:

"To what extent the owner of the fee may appropriate to his own use those other incidental rights, not conflicting with the public use, is necessarily a matter resting primarily with the city authorities, and is referable to the broad discretionary powers conferred upon them in the conduct and management of the public ways."

In the case at bar the plaintiff, city of Pryor, had not exercised its broad discretionary powers. Until it has done so the defendant had the right of a reasonable use of the parkway or curbing. The plaintiff city had not stated by ordinance or otherwise that the use of the parkway by the defendant was unreasonable. On the other hand, it had sanctioned the reasonableness thereof by the issuing of the above-described permit. As stated above, it is nowhere alleged that the permit has ever been revoked, but on the other hand it is stated in the answer that the permit has not been revoked. We therefore do not hold that under the circumstances a revocation would have been effective. That question is not before us. It was not revoked by a filing of the present action.

It is claimed that ordinance 142, stating, in substance, that it should be unlawful to obstruct the streets, alleys or sidewalks, authorized the present action. We hold otherwise. If we admit for the purpose of this argument that said ordinance has been proved, it appears from an examination thereof that it was not intended to regulate or prohibit the placing of gasoline pumps in the parkways of plaintiff city, but as a general regulatory measure for the prevention of obstructions in the streets and alleys.

We are therefore of the opinion, and hold, that the court erred in entering the injunction against the defendants. The cause is reversed and remanded, with directions to vacate the judgment for the plaintiff and to enter judgment for the defendants.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur.